Court Of Appeals

Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-09-00110-CR

**IN RE** Lawrence **WOODARD**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed:   March 18, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On February 19, 2009, relator Lawrence Woodard filed a petition for writ of mandamus,

complaining of the trial court's failure to rule on his pro se pretrial petition for writ of habeas corpus

filed in the trial court.  Relator alleges that in his pro se petition for writ of habeas corpus he

complains that he was never brought before the magistrate with regard to the criminal proceeding

pending in the trial court for which he is currently confined.  However, relator has been appointed

counsel to represent him in the criminal proceeding pending in the trial court for which he is

currently confined.  A criminal defendant is not entitled to hybrid representation.  *See Robinson v.*

---

[1] This proceeding arises out of Cause No. 2008-CR-7624, styled *State v. Lawrence Woodard*, pending in the 144th Judicial District Court, Bexar County, Texas, the Honorable Catherine Torres-Stahl presiding.

*State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding). A trial court has no legal duty to rule on pro se motions or petitions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on relator's pro se petition for writ of habeas corpus that relates directly to his confinement based on the criminal proceeding pending in the trial court. Therefore, we conclude that relator has not shown himself entitled to mandamus relief. Accordingly, the petition is denied. Tex. R. App. P. 52.8(a).

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for a writ of mandamus in this court. Tex. R. App. P. 52. Therefore, relator's motion for leave to file is denied as moot.

PER CURIAM

DO NOT PUBLISH