MEMORANDUM OPINION



No. 04-09-00296-CR



IN RE John Anthony HERNANDEZ



Original Mandamus Proceeding (1)



PER CURIAM


Sitting: Catherine Stone, Chief Justice

 Rebecca Simmons, Justice

 Marialyn Barnard, Justice

 

Delivered and Filed: June 3, 2009


PETITION FOR WRIT OF MANDAMUS DENIED

 On May 20, 2009, relator John Anthony Hernandez filed a petition for writ of mandamus,
complaining of the trial court's failure to rule on various pro se motions, a pro se pretrial petition
for writ of habeas corpus, and a pro se motion to dismiss appointed counsel. However, counsel has
been appointed to represent relator in the criminal proceeding pending in the trial court for which
he is currently confined. A criminal defendant is not entitled to hybrid representation. See Robinson
v. State, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); Patrick v. State, 906 S.W.2d 481, 498 (Tex.
Crim. App. 1995). A trial court has no legal duty to rule on pro se motions or petitions filed with
regard to a criminal proceeding in which the defendant is represented by counsel. See Robinson, 240
S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on
relator's various pro se motions and his pro se petition for writ of habeas corpus that relates directly
to his confinement based on the criminal proceeding pending in the trial court. 

 As to the pro se motion to dismiss his attorney, relator contends he filed the motion on
December 26, 2008. However, there is not a copy of the motion in the record and nothing in the
record indicates the motion was indeed filed in the trial court. In addition, attorney Jefferson Moore
was not appointed relator's counsel until January 8, 2009, almost two weeks after relator contends
he filed a motion to disqualify his appointed counsel. It is relator's burden to provide this court with
a record sufficient to establish his right to relief. See Walker v. Packer, 827 S.W.2d 833, 837 (Tex.
1992); Tex. R. App. P. 52.3(k), 52.7(a). 

 Based on the foregoing, we conclude that relator has not shown himself entitled to mandamus
relief. Accordingly, the petition is denied. Tex. R. App. P. 52.8(a). 

 Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus.
No leave is required to file a petition for a writ of mandamus in this court. Tex. R. App. P. 52. 
Therefore, relator's motion for leave to file is DENIED as moot. 

 PER CURIAM 

DO NOT PUBLISH

1. This proceeding arises out of Cause No. 2008-CR-5360, styled State v. Anthony Hernandez, pending in
the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.