*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00300-CR

**IN RE** Gary **AVANT**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:   June 3, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On May 21, 2009, relator Gary Avant filed a petition for writ of mandamus, complaining of the trial court's failure to rule on his *pro se* pretrial petition for writ of habeas corpus. However, counsel has been appointed to represent relator in the criminal proceeding pending in the trial court for which he is currently confined. A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on *pro se* motions or petitions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See*

---

[1] This proceeding arises out of Cause Nos. 2008-CR-1308 and 2008-CR-8981, styled *State v. Gary Avant*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

*Robinson*, 240 S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on relator's *pro se* petition for writ of habeas corpus that relates directly to his confinement based on the criminal proceeding pending in the trial court. Therefore, we conclude that relator has not shown himself entitled to mandamus relief. Accordingly, the petition is denied. TEX. R. APP. P. 52.8(a).

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for a writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is DENIED as moot.

PER CURIAM

DO NOT PUBLISH