

**NUMBERS
13-10-00474-CR
13-10-00475-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: ARNOLD F. HORTON

## On Petition for Writ of Mandamus

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Yañez and Garza
## Per Curiam Memorandum Opinion[1]

Relator, Arnold F. Horton, filed a pro se petition for writ of mandamus in the above

causes on August 23, 2010, contending that the District Clerk of Orange County has

abused her discretion in failing to provide relator with a free copy of the clerk's record.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This Court only has mandamus jurisdiction over district clerks where it is shown that issuance of the writ is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 2004); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.–San Antonio 1998, orig. proceeding); *see also In re Nubine*, No. 13-08-507-CV, 2008 Tex. App. LEXIS 6534, at *1 (Tex. App.–Corpus Christi Aug. 27, 2008, orig. proceeding) (per curiam

According to relator, the trial court has ruled that he is indigent and entitled to a copy of this record.

Horton was convicted of burglary of a building in trial court cause number B-090147-R, and convicted of forgery in trial court cause number B-090309-R, both causes pending in the 163rd District Court of Orange County, Texas. His appeals from these convictions were transferred to this Court from the Ninth Court of Appeals by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.220(a) (Vernon Supp. 2010) (delineating the jurisdiction of appellate courts); TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). These appeals are currently pending in this Court as appellate causes 13-10-00187-CR and 13-10-00188-CR respectively. Relator is represented by appointed counsel in these appeals.

Relator's petition for writ of mandamus does not meet the requirements of the Texas Rules of Appellate Procedure because it does not contain a designation of parties and counsel; a table of contents; an index of authorities; a statement of the case; a statement of jurisdiction; a designation of the issues presented; a statement of facts; a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record;" or an appendix that contains a copy of any order complained of. *See generally* TEX. R. APP. P. 52.3.

Moreover, the trial court has appointed Christine Brown Zeto as appellate counsel for relator, and relator is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means relator's pro se

---

mem. op., not designated for publication).

2

petition for writ of mandamus will be treated as presenting nothing for this Court's consideration. *See Patrick*, 906 S.W.2d at 498; *Gray v. Shipley*, 877 S.W.2d 806 (Tex. App.–Houston [1st Dist.] 1994, orig. proceeding); *see also In re Johnson*, No. 01-08-00942-CR, 2008 Tex. App. LEXIS 9004, at *1-*2 (Tex. App.–Houston [1st Dist.] Dec. 4, 2008, orig. proceeding) (per curiam mem. op., not designated for publication). In this regard, we note that relator has not attached any transcript or written order by the trial court that orders a copy of the clerk's record to be sent directly to relator. *See* Tex. R. App. P. 52.3 (k). Moreover, the clerk's records and supplemental clerk's records have already been properly filed in both of relator's appeals.

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought. Relator has not established his entitlement to the extraordinary relief of a writ of mandamus. *See Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009). Accordingly, the petition for writ of mandamus in these causes is DENIED. *See* Tex. R. App. P. 52.8(a).

PER CURIAM

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
25th day of August, 2010.