# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00226-CR

**Alejandro Costilla, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
## NO. D-1-DC-07-302442, HONORABLE JIM CORONADO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Alejandro Costilla guilty of sexual assault and assessed punishment at seven years' imprisonment. *See* Tex. Penal Code Ann. § 22.011(a)(1)(C) (West Supp. 2010). Costilla appeals, arguing that (1) the trial court violated Costilla's constitutional right to present a complete defense and right to confront witnesses by excluding information relevant to the victim's motive for fabricating his allegations, *see* U.S. Const. amend. VI, and (2) the prosecutor violated Costilla's Fifth Amendment right against self-incrimination by questioning him and commenting upon his post-arrest silence. *See* U.S. Const. amend. V. Because Costilla did not properly preserve any reversible error, we affirm the judgment of the trial court.

## BACKGROUND

In early August 2007, Costilla placed an advertisement on Craigslist offering a room for rent in his south Austin home.[1] A.J., who was twenty-two and living with his mother in a nearby apartment at the time, called Costilla in response to his ad and the two scheduled an initial meeting. In their first meeting, A.J. visited the residence and Costilla gave him a brief tour. Costilla then told A.J. that he wanted to schedule a second meeting so the two could "get to know each other" and see if they would be compatible as roommates.[2]

A.J. again met with Costilla at the rental house on August 4, 2007. The facts surrounding A.J.'s second visit are largely disputed. According to A.J., upon arriving, Costilla offered to sit on the porch with him, have a few beers, and get to know each other. Costilla brought A.J. his first beer already opened, and A.J. consumed one or two additional beers from Costilla's refrigerator. During their conversation, the discussion revolved around potentially becoming roommates. After drinking no more than three twelve-ounce beers, A.J. started to "black out" while sitting on the porch. He told Costilla that he was not feeling well, and Costilla suggested that A.J. go lie down in the room for rent. Without help from Costilla, A.J. walked to the room, fell onto the bed, and passed out.

A.J. further contends that the next thing he remembers occurred approximately an hour later, when, though his eyes were still closed, he felt someone trying to open his pants. Shortly thereafter, A.J. realized that someone had unzipped his pants and pulled down his boxer shorts, and

---

[1] The facts recited herein are taken from the testimony and exhibits admitted at trial.

[2] Costilla has rented and lived in the same three-bedroom home since 1999 and has frequently sublet rooms to others.

2

that Costilla had one-half to three-fourths of A.J.'s penis in his mouth. A.J. then kneed Costilla in the shoulder, stood up, and punched Costilla four or five times in the face, at which point Costilla said, "I'm sorry." A.J. then left the residence and drove to his girlfriend's house, where she drove them both to a friend's house.[3] A.J. returned home to his mother's apartment at approximately 12:30 a.m. and immediately took a shower and went to bed. The next morning, he recounted the events of the prior day to his mother, at which point she convinced him to call the police. A.J. believes that he may have been drugged by Costilla.

At the request of Christopher Dunn, the detective assigned to the case, A.J. later participated in a "pretext call" to Costilla, which was recorded and ultimately played for the jury. In the call, A.J. said, "it surprised me when you sucked me off," to which Costilla replied, "yeah." Costilla later claimed that he was at work during the call and "just holding the phone going, yeah." Also pursuant to the investigation, analysts found Costilla's DNA on the fly of A.J.'s pants.

Dunn attempted several times to meet with Costilla to question him about the incident. Costilla claimed that Dunn never identified who he was, what he wanted, or that Costilla was a suspect in the case. After several rescheduled attempts to meet, Dunn prepared an arrest warrant and had Costilla arrested. Upon his arrest, Dunn read Costilla his *Miranda* rights and Costilla agreed to waive them and speak to Dunn. In his interview with Dunn, which was also recorded and played for the jury, Costilla did not admit to any contact with A.J., stating that he "never even touched him."

---

[3] A.J. testified that he told both his girlfriend and his friends what had happened at Costilla's house.

3

Costilla was charged with sexual assault and a jury trial was held. At trial, Costilla testified to a version of the August 4 encounter which differed significantly from both the version alleged by A.J. and the account Costilla had given to Detective Dunn. Costilla claimed that A.J. arrived carrying a four-pack of beers, with two already missing from the pack. The two men sat at the kitchen table drinking and talking. A.J. drank the beers he brought with him and Costilla drank beers from his refrigerator. Costilla did not get drunk because he had scheduled additional interviews with potential roommates later in the day. After A.J.'s third beer, he started becoming incoherent and repeatedly fell out of his chair. Costilla helped him up and asked A.J. whether he wanted to lie down. A.J. accepted. Costilla then took him into the room for rent, where A.J. collapsed onto the bed. Costilla left the room, but came in to check on A.J. several times. The first time Costilla checked on him, A.J. was lying on his side with his hand on his crotch. Some time later, Costilla checked on A.J. again and saw him lying face up with his penis exposed and erect. Costilla attempted to shake A.J. awake. When that attempt proved unsuccessful, Costilla tried to zip A.J.'s pants up so that his genitals would not be exposed. While Costilla was attempting to zip A.J.'s pants, A.J. woke up and started hitting Costilla. Costilla then told A.J. to get out or he would call the police. A.J. left.

During the defense counsel's cross-examination of A.J. at trial, the following exchange occurred:

[Defense Counsel]:   When you were talking with [Costilla] about the possibility of moving in there, did you discuss anything about why he needed roommates, why he was offering a good price?

[State]:   Objection, calls for hearsay.

4

| | |
|---|---|
| [Defense Counsel]: | Your Honor, the question is not what he said, but did he have this discussion. |
| The Court: | Sustained. You can rephrase the question. |
| [Defense Counsel]: | Can we approach, Your Honor? |
| The Court: | Yes, Sir. |

(At the Bench, on the record)

| | |
|---|---|
| [Defense Counsel]: | Your Honor, I'm not offering this for the truth of the matter asserted. It is part of my defense [that] the witness here is fabricating his story for financial gain, so what he thought about my client's financial situation would be relevant to that. |
| [State]: | I think there may be a way to inquire [in]to that without having – |
| The Court: | You can rephrase your question. You're asking for hearsay. Rephrase your question. |
| [Defense Counsel]: | In response to the hearsay, it's not being offered for the truth of the matter asserted. |
| The Court: | I'm sustaining the objection, but you can rephrase your question. |

This line of questioning continued shortly thereafter:

| | |
|---|---|
| [Defense Counsel]: | Was there any discussion by you about your financial situation or ability to pay rent on time? |
| [A.J.]: | Yeah, I think I did tell him I had a job, a steady job, so I had money coming in every month so I would be able to pay. |
| [Defense Counsel]: | Was there any discussion about [Costilla]'s stability as a landlord, or his track record with previous renters? |
| [A.J.]: | Well, I know he said he had one other – |

| [State]: | Objection, calls for hearsay. The defendant [sic] cannot offer statements made by the defendant. |
|---|---|
| The Court: | Sustained. |
| [Defense Counsel]: | Let me rephrase that question. |
| | Without you telling me what he said, did you–you just previously said you discussed your situation, that you had a job and would be able to pay rent. Without saying anything about what [Costilla] told you, was there discussion about his financial situation, whether he would be trustworthy as a landlord? Was there discussion along those lines? |
| [A.J.]: | Yeah. I mean he was kind of saying, you know, he's okay with this and that, you know. And he was telling me about his job at Sun Harvest and things like that, showing me he had a job, he had one other roommate, having a job and splitting a house between three people is quite doable. |

This was the extent of the evidence Costilla offered during A.J.'s testimony regarding A.J.'s knowledge of Costilla's financial situation.[4]

The jury found Costilla guilty of sexual assault, and he was sentenced to seven years' imprisonment. Costilla's motion for a new trial was overruled by operation of law, and he now appeals.

---

[4] When Costilla testified in his own defense, he stated that he and A.J. had discussed their employment situations in their first meeting. Costilla claimed that he told A.J. that he had been fired from Capital Metro but was disputing the decision and, if successful, would receive approximately $60,000 in back pay.

**DISCUSSION**

In his first point of error, Costilla argues that the trial court violated his constitutional right to present a complete defense by sustaining the State's hearsay objections during A.J.'s cross-examination. He argues that the trial court's rulings prevented him from presenting his theory that A.J. was fabricating his story for financial gain. *See Washington v. Texas*, 388 U.S. 14, 19 (1967) ("Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law."); *see also* U.S. Const. amend. VI.

The improper exclusion of evidence is unconstitutional only if it significantly undermines the fundamental elements of the accused's defense. *See Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002). That the defendant was unable to present his case to the extent and in the form he desired is not prejudicial where he was not prevented from presenting the substance of his defense to the jury. *Id.* (citing *United States v. Willie*, 941 F.2d 1384, 1398-99 (10th Cir. 1991)). When the accused is able to present the substance of his defense, the proper harm analysis is conducted under Texas Rule of Appellate Procedure 44.2(b), which states that any non-constitutional error that does not affect a substantial right must be disregarded. Tex. R. App. P. 44.2(b). An error affects the defendant's substantial rights for Rule 44.2(b) purposes when the error has "a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

Assuming without deciding that the trial court's ruling on the State's objections during A.J.'s cross-examination amounted to error and that such error was preserved, any error

7

therein was harmless. Defense counsel rephrased his question after the State's objections and elicited an answer that contained A.J.'s response to the objected-to question. A.J. testified regarding Costilla's financial situation:

> Yeah. I mean he was kind of saying, you know, he's okay with this and that, you know. And he was telling me about his job at Sun Harvest and things like that, showing me he had a job, he had one other roommate, having a job and splitting a house between three people is quite doable.

Though this may not have been the answer defense counsel was hoping to elicit, it nevertheless acted to admit, without objection, A.J.'s answer to defense counsel's previously objected-to questions. When excluded evidence is admitted by other means, as occurred here, any potential error does not undermine the defendant's defense or affect a substantial right and therefore will not be reversed. *See Potier*, 68 S.W.3d at 666; *see also Hitt v. State*, 53 S.W.3d 697, 708 (Tex. App.—Austin 2001, pet. ref'd) ("Overruling an objection to evidence will not generally result in reversal where other evidence of that same fact was received without objection."). Because the exclusion of A.J.'s testimony neither undermined Costilla's defense nor affected a substantial right, we overrule Costilla's first point on appeal.

In his second point on appeal, Costilla argues that the trial judge's hearsay rulings violated his Sixth Amendment right to confront witnesses. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him . . . ."). In order to preserve error regarding improperly excluded evidence, a party must timely object, obtain a ruling from the trial court (or object to the trial court's refusal to rule), and prove the substance of the evidence via an offer of proof. *See* Tex. R. Evid. 103(a); Tex. R. App.

8

P. 33.1(a); *Roberts v. State*, 220 S.W.3d 521, 532 (Tex. Crim. App. 2007). Though Costilla objected at trial on hearsay grounds, he did not object to the trial judge's rulings on any constitutional grounds. A party waives even a Sixth Amendment objection if he does not raise it at the time of trial. *Wright v. State*, 28 S.W.3d 526, 537 (Tex. Crim. App. 2000); *Dewberry v. State*, 4 S.W.3d 735, 752 & n.16 (Tex. Crim. App. 1999) (objecting only to statement's hearsay waives Confrontation Clause argument on appeal); *see also Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (stating that even constitutional confrontation and due process error may be waived). Because he did not object to the trial court's rulings on any Sixth Amendment basis, Costilla waived this argument on appeal.

Finally, Costilla argues in his third point of error that his Fifth Amendment privilege against self-incrimination was violated when the State questioned Costilla about his post-arrest silence and commented upon it in its closing argument. *See* U.S. Const. amend. V ("No person . . . shall be compelled in any criminal case to be a witness against himself . . . .").

During cross-examination, the State questioned Costilla regarding several omissions in his prior interview with Dunn. Costilla admitted that he did not tell Dunn that he had tried to zip up A.J.'s pants. Costilla also claims that the State unconstitutionally commented on this omission during its closing argument.

In his brief, Costilla admits that defense counsel failed to object to either the State's questioning or its closing argument regarding Costilla's silence. He contends, however, that Costilla himself acted to preserve error by objecting to the State's questioning via his response. When asked whether he lied to Dunn, Costilla replied:

9

No, I didn't lie to him. I just didn't tell him that aspect of it. I wasn't in court. You have to understand when they take you into court, they say what can and can't be used against you. And you have to understand at that point in time this is a guy that had lied to me. So when I got there, my intentions were, yes, I am going to talk to him, but when we get to court, that's when the facts will come out.

Costilla admits that under current law, a party fails to preserve error regarding a Fifth Amendment violation if it fails to object at trial. *See Harris v. State*, 827 S.W.2d 949, 957-58 (Tex. Crim. App. 1992) (Fifth Amendment violation waived by failing to cite where in record argument was made and ruling obtained). He argues, however, that Costilla's answer to the State's questioning serves as an objection. Even were such a pro se objection allowed, in order to properly preserve the objection for appellate review, Costilla was required to obtain a ruling on his objection. Tex. R. Evid. 103(a)(1) (requiring timely objection and subsequent ruling to preserve error); Tex. R. App. P. 33.1(a) (same). The record does not contain anything that could be construed as a ruling by the trial judge concerning Costilla's alleged Fifth Amendment objection. Furthermore, a defendant has no right to hybrid representation, and a trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). For these reasons, Costilla's answer to the State's questioning does not adequately preserve his Fifth Amendment challenge for review by this Court.

Because Costilla failed to preserve any reversible error at the trial court level regarding his constitutional challenges, we affirm the trial court's judgment.

## CONCLUSION

We affirm the trial court's judgment.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Patterson and Henson

Affirmed

Filed:   December 23, 2010

Do Not Publish