# NOS. 12-11-00122-CR
# 12-11-00123-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *AARON LAMON MUSE,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator Aaron Lamon Muse filed a petition for writ of mandamus complaining of the trial court's failure to rule on various pro se motions he has filed. He asserts that the trial court has a legal duty to rule on these motions and urges that mandamus is appropriate to require the trial court to perform its duty. We deny the petition.

To demonstrate entitlement to a writ of mandamus in a criminal case, a relator must establish that the trial court failed to perform a duty that is purely ministerial under the facts and the law, and that the relator has no other adequate legal remedy. *State ex rel. Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). However, Relator admits that counsel has been appointed to represent him in the criminal proceedings pending in the trial court. A trial court has no legal duty to rule on pro se motions or petitions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See id*. Consequently, the trial court has not violated a legal duty by failing to rule on Relator's pro se motions. Because Relator has not shown that the trial court has a ministerial duty to rule on Relator's pending motions, he cannot show that mandamus is appropriate. Accordingly, Relator's petition for writ of mandamus is *denied*.

**SAM GRIFFITH**
Justice

Opinion delivered May 11, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)