Opinion issued August
25, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00626-CR

———————————

in re Van Watson, Jr., Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

Relator, Van Watson, Jr., has filed a
pro se petition for writ of mandamus, requesting that we issue a writ directing
the Harris County Forensic Center to conclude its testing of DNA material
relevant to the case and to return its findings to the trial court.[1]  Relator also requests that we issue a writ
directing the trial court to comply with its original order for DNA testing,
and that we issue a writ directing his attorney to inform relator of the
results of the DNA testing.

                                                                                                                                                                
Background

This is the second petition for writ of mandamus by
relator on the same matter.  This
petition contains complaints similar to the first petition.

Relator was convicted of the felony offense of sexual
assault of a child.  Relator requested
that the trial court appoint counsel to represent him for the purpose of
post-conviction DNA testing.  By order dated
April 19, 2009, the trial court appointed Thomas Martin to represent relator.  According to relator, DNA testing was
performed in May 2010.

                                                                                                                                                                         
Analysis

Relator’s petition for writ of mandamus is procedurally
defective.  A copy of all documents
presented to the Court must be served on all parties to the proceeding, and a
certificate of service representing service was performed must be attached to
the document.  See Tex. R. App. P.
9.5(a), (d).  Relator’s petition lacks
proof of service on the district attorney.  


Moreover, relator acknowledges that Martin has been
appointed to represent him for the purpose of post-conviction DNA testing in
this case.  Because the post-conviction
DNA testing gives rise to the complaints in relator’s petition, relator must
look to appointed counsel for representation in this original proceeding.  See
Gray v. Shipley, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994,
orig. proceeding).  Relator is not
entitled to hybrid representation.  See Robinson v. State, 240 S.W.3d 919,
922 (Tex. Crim. App. 2007).  The absence
of a right to hybrid representation means relator’s pro se petition presents
nothing for this Court to review.  Patrick v. State, 906 S.W.2d 481, 498
(Tex. Crim. App. 1995).

                                                                                                                                                                   
Conclusion

We deny relator’s petition for writ of mandamus. 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Huddle.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          Relator has identified the underlying case as State v. Watson, No. 699312, in the 180th District Court of Harris County,
Texas, the Honorable Marc Brown presiding.