COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| IN RE: CHARLES L. STRINGER, | § | No. 08-11-00201-CR |
| | § | |
| | | AN ORIGINAL PROCEEDING |
| Relator. | § | |
| | | IN MANDAMUS |
| | § | |
| | § | |

## MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS

Charles L. Stringer filed a *pro se* petition for writ of mandamus, complaining of the trial court's failure to rule on two motions. Stringer claims that on January 7, 2011, he filed a motion to dismiss pursuant to the Fourth Amendment and a motion to dismiss pursuant to Article 32.01 of the Texas Code of Criminal Procedure. He further claims that the trial court has failed to rule on either motion. Stringer has not established his entitlement to mandamus relief.

A writ of mandamus will issue to compel a trial court to perform a ministerial act when the relator has no adequate remedy at law. *State ex rel. Young v. Sixth Judicial Dist. Court at Texarkana*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007)(orig. proceeding). When a motion has been properly filed and brought to the court's attention, the act of giving consideration to and ruling upon the motion is a ministerial act. *See id.*; *In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding).

Stringer has not established that he filed the motions. Although he states in his unsworn petition that he filed them with the court clerk, he provides no proof of this fact. *See* TEX.R.APP.P. 52.3(j), (k)(1)(A). Even if we assumed that the motions were filed, Stringer has not demonstrated

that they have been brought to the trial court's attention or that the court is aware of the motions. The clerk's knowledge cannot be imputed to the trial court. *See Chavez*, 62 S.W.3d at 228.

Moreover, "a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex.Crim.App. 2007). It is not clear from Stringer's petition whether he is represented by counsel. If he is represented by counsel, the trial court would not have abused its discretion by failing to rule on the *pro se* motions.

The petition for writ of mandamus is denied. Stringer's motion to quash indictment or compel discovery is also denied.

August 31, 2011

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)