Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS







IN RE: CHARLES L. STRINGER,


                            Relator.

§
 
§
 
§
 
§
 
§
 
 § 




No. 08-11-00201-CR

AN ORIGINAL PROCEEDING
                        IN MANDAMUS



 

 

 




MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS

            Charles L. Stringer filed a pro se petition for writ of mandamus, complaining of the trial
court’s failure to rule on two motions. Stringer claims that on January 7, 2011, he filed a motion to
dismiss pursuant to the Fourth Amendment and a motion to dismiss pursuant to Article 32.01 of the
Texas Code of Criminal Procedure. He further claims that the trial court has failed to rule on either
motion. Stringer has not established his entitlement to mandamus relief. 
            A writ of mandamus will issue to compel a trial court to perform a ministerial act when the
relator has no adequate remedy at law. State ex rel. Young v. Sixth Judicial Dist. Court at
Texarkana, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007)(orig. proceeding). When a motion has been
properly filed and brought to the court’s attention, the act of giving consideration to and ruling upon
the motion is a ministerial act. See id.; In re Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo
2001, orig. proceeding). 
            Stringer has not established that he filed the motions. Although he states in his unsworn
petition that he filed them with the court clerk, he provides no proof of this fact. See Tex.R.App.P.
52.3(j), (k)(1)(A). Even if we assumed that the motions were filed, Stringer has not demonstrated
that they have been brought to the trial court’s attention or that the court is aware of the motions. 
The clerk’s knowledge cannot be imputed to the trial court. See Chavez, 62 S.W.3d at 228.
            Moreover, “a trial court is free to disregard any pro se motions presented by a defendant who
is represented by counsel.” Robinson v. State, 240 S.W.3d 919, 922 (Tex.Crim.App. 2007). It is not
clear from Stringer’s petition whether he is represented by counsel. If he is represented by counsel,
the trial court would not have abused its discretion by failing to rule on the pro se motions.
            The petition for writ of mandamus is denied. Stringer’s motion to quash indictment or
compel discovery is also denied.

August 31, 2011                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)