Elmer Ray **ROBINSON**, Appellant

v.

The **STATE** of Texas.

No. **PD–1369–05.**

Court of Criminal Appeals of Texas.

Nov. 21, 2007.

Shawna L. Reagin, Houston, for Appellant.

Charles A. Rosenthal, Jr., District Atty., Houston, Jeffrey L. Van Horn, State's Atty., Austin, for State.

WOMACK, J., delivered the opinion of the Court, in which MEYERS, JOHNSON, HOLCOMB, and COCHRAN, JJ., joined.

The issue in this case is whether an appeal may be taken from a ruling on a *pro se* motion made by a defendant who has counsel. We hold that it may.

After he was convicted, the appellant filed a *pro se* motion for new trial with the trial court alleging ineffective assistance from his trial counsel. Before ruling on that motion, the trial court appointed appellate counsel to represent him. The trial court then denied the appellant's motion for new trial without a hearing. The First Court of Appeals affirmed his conviction.[1]

On appeal, the appellant argued the trial court erred in denying his *pro se* motion for new trial without a hearing. The Court of Appeals held that it could not have been reversible error for the trial court to so deny the appellant's *pro se* motion, since he was represented by counsel at the time the motion was denied. We granted review to determine whether the Court of Appeals properly considered the ruling on the appellant's motion for new trial. We believe that it did not and remand.

## Procedural History

On the day that the appellant was convicted of aggravated assault with a deadly weapon, he filed a notice of appeal and requested the appointment of appellate counsel. Six days later, the trial court found the appellant indigent and appointed counsel for his appeal. Five days after that, the trial court received the appel-

---

1. *Robinson v. State,* 2005 WL 1648185, 2005 Tex.App. LEXIS 5480 (2005) (unpublished).

lant's *pro se* motion for new trial. The trial court denied the motion.

### The Busselman Rule

On appeal, the appellant argued that the trial court erred in denying his motion for new trial without holding a hearing. The First Court of Appeals rejected the argument, relying on its decision in *Busselman v. State*,[2] a case in which a defendant, acting *pro se*, filed a pre-trial motion to dismiss under the Speedy Trial Act. Some time after that, the defendant was appointed a trial lawyer, who attempted to file the same motion with the trial court. The defendant's lawyer did not know that her client had previously filed the same motion, nor did she know that her motion had never been received by the District Clerk. Eventually, the trial court overruled the *pro se* motion.[3]

On appeal, Busselman argued that the trial court erred by refusing to hear his motion for new trial. The First Court of Appeals disagreed, but not on the grounds that the trial court had exercised proper discretion. Rather, the Court of Appeals first noted that there is no right to "hybrid" representation, which is defined as representation partly by counsel and partly by self.[4] The Court then held:

> [B]ecause appellant had counsel and therefore had no right to urge his pro se motion on October 21, 1985, the trial court did not err by denying it. A trial court may, in its discretion, allow hybrid representation and may grant relief in such situations, in which case the parties will be bound by the court's rulings. However, when, as here, the court denies relief to a defendant who has no

*right* to present *his* motions, we will not find the denial to be reversible error.[5]

Thus, the Court of Appeals in *Busselman* announced a new rule which it has now applied to the case at hand. That rule is, because a defendant has no right to hybrid representation, the defendant likewise has no right to appellate relief from any trial-court decision on a *pro se* motion made while the defendant was represented by counsel.

### Alternative Arguments

■ In this court, the appellant makes two alternative arguments as to why the Court of Appeals erred by ruling it was not error for the trial court to have denied his motion for new trial without a hearing. In his first point of error, he argues that the motion for new trial was in fact adopted and presented by his appellate counsel, and thus no "hybrid" representation situation existed. If the appellant is correct, then a reversal is warranted because appointed counsel may adopt their clients' *pro se* motions just as substitute or subsequent counsel may adopt all the motions on file presented by prior counsel.

Unfortunately, the record does not show any specific time or notation that the appellant's counsel on appeal personally presented the motion for new trial to the trial court. That in itself, however, is not dispositive because there is likewise no evidence that the appellant's counsel withdrew the motion, urged a separate motion on other grounds, or in any way disavowed the motion for new trial presented by her client. Nevertheless, it would be imprudent for us to reverse the Court of Appeals' decision without sufficient evidence

---

**2.** 713 S.W.2d 711 (Tex.App.-Houston [1st Dist.] 1986).

**3.** *Id.,* at 713–14.

**4.** *Id.,* at 714 (citing *Landers v. State,* 550 S.W.2d 272, 275 (Tex.Cr.App.1977)).

**5.** *Id.,* at 714 (emphasis in original).

in the record to support the appellant's assertion.

In his second point of error, the appellant contends that the Court of Appeals erred in applying the *Busselman* rule to his case. Essentially, the appellant asks us to adopt the reasoning of *Meyer v. State*,[6] in which the Tenth Court of Appeals held that:

> By considering and ruling upon a *pro se* motion filed while the defendant is represented by an attorney, the trial court essentially allows the defendant hybrid representation for that one motion. Once the court does so, the motion filed *pro se* by the defendant is as valid and effective as any motion filed by his attorney. Thus, if the court *rules* on a *pro se* motion even though it did not have to consider the motion, its ruling is subject to review on appeal.[7]

The Tenth Court of Appeals thus created a rule of "implied" hybrid representation in order to resolve cases such as the one before us today. The appellant urges us to follow the reasoning of the Tenth Court rather than the First Court's.

 We decline to adopt either rule. The *Busselman* rule is troubling, because it essentially shields a decision of the trial court from any appellate review. We agree that a defendant has no right to hybrid representation. We also agree that, as a consequence, a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel. However, once a trial court actually rules on a *pro se* (or any) motion, we see no reason why that decision should be insulated from review on appeal. While it is true that a trial court's decision *not* to

rule on a *pro se* motion in this situation would not be subject to review, a ruling that a trial court chooses to make is reviewable.

The *Meyer* rule attempts to resolve this situation pragmatically, by inferring that a trial court in so ruling "essentially allows the defendant hybrid representation for that one motion."[8] Yet this approach is also problematic, because it infers intent by the trial court which may or may not have existed. For example, in the case at hand, the trial court might have been ruling on the merits of the appellant's *pro se* motion for new trial after it was adopted by the appellant's attorney, as the appellant claims in his brief. The record, however, does not support that assertion. On the other hand, we presume that the trial court knew that it was free to disregard the appellant's motion for new trial, and we could thus presume that the trial court intended to simply dispose of the appellant's motion by "denying" it. Unfortunately, the record does not support that presumption either. The limitation of the *Meyer* rule, then, is that it allows for presumptions of intent that the record will not necessarily support.

For that reason, we decline to adopt the *Meyer* rule, as urged in the appellant's second point of error. Nor do we choose to adopt the *Busselman* rule, as articulated by the First Court of Appeals in its opinion on this case. Additionally, we find the record insufficient to support the appellant's assertion that his attorney adopted his motion for new trial and urged it to the trial court herself, as he argues in his first point of error.

**6.** 27 S.W.3d 644 (Tex.App.-Waco 2000).

**7.** *Id.,* at 648 (emphasis in original); *See also Froyd v. State,* 628 S.W.2d 866, 867 (Tex.App.-Corpus Christi 1982).

**8.** *Meyer,* 27 S.W.3d, at 648.

## The Trial Court's Intent

■ We are thus left with a situation in which the record clearly reflects a motion for new trial, and the option of "Denied" has clearly been circled by the trial court. Under normal circumstances, this would appear to be a ruling by the trial court on the appellant's motion for new trial. As we have stated above, such a ruling would be subject to appellate review.

■ The circumstances in this case, however, are unique. Because the motion for new trial was presented *pro se* while the appellant was represented by counsel, the trial court was free to rule on it, or disregard it. Unfortunately it is unclear from the record exactly which of those two options the trial court intended by making this simple circle and signing its name. It would obviously be better in the future if trial courts made it clear in the record exactly which of the two options they choose, but that is not the situation before us in this case.

Rather than guess at the trial court's intention, however, we think a better solution would be to determine it. Therefore, we will remand the case to the Court of Appeals so that it may undertake to determine if the notation on the appellant's *pro se* motion for new trial is a ruling on the merits, or if the trial court intended to disregard the motion since the appellant was represented by counsel.

We remand the case to the Court of Appeals for further proceedings consistent with this opinion.

KELLER, P.J., filed a dissenting opinion.

KEASLER, J., filed a dissenting opinion, in which PRICE and HERVEY, JJ., joined.

KELLER, P.J., filed a dissenting opinion.

The Court acknowledges that we have no evidence in the record regarding the trial court's intent when it denied appellant's *pro se* motion for new trial. Because a trial court can "deny" a represented defendant's *pro se* motion for the reason that the motion is not properly before the court, the silent record in this case does not support appellant's claim for relief.

The Court, however, remands this case to the court of appeals to "determine" the trial court's intent. Since the record contains no indicia of intent, how will the court of appeals determine it? The only possible method would be to remand the case to the trial court to elicit an answer. But no authority exists for such a remand. The appellate rules permit a remand to the trial court if the trial court committed an *error* that impedes the presentation of the cause to the court of appeals.[1] It is not enough that the trial court could supply information useful to evaluating a party's claim if the absence of that information was not due to any error on the trial court's part.[2]

The burden is on the losing party to ensure that the record shows that he is entitled to relief. Rather than remand to allow the losing party in this case to add to the trial record, I would hold that appellant has not met his burden. I would affirm the judgment of the court of appeals.

With these comments, I respectfully dissent.

1. TEX.R.APP. P. 44.4 (remand permitted to remedy "erroneous action or failure or refusal to act").

2. *Fakeye v. State*, 227 S.W.3d 714, 717–18 (Tex.Crim.App.2007).

KEASLER, J., filed a dissenting opinion in which PRICE and HERVEY, JJ., joined.

I respectfully dissent. I would hold that Elmer Ray Robinson may appeal the trial judge's decision to deny his *pro se* motion for a new trial. The trial judge clearly permitted hybrid representation by considering and ultimately denying the motion; therefore, I disagree with the majority's decision to remand this case to the court of appeals.

Although a criminal defendant has the right to the assistance of counsel and the right to self-representation,[1] a criminal defendant does not have the right to hybrid representation.[2] We have recognized, however, that a trial judge, in exercising his or her discretion, may permit hybrid representation.[3] But, because there is no right to hybrid representation, it has long been established that a trial judge generally has no ministerial duty to rule on a *pro se* motion when a defendant is represented by counsel.

The majority contends that two adverse presumptions of intent can be drawn from the trial judge's decision to deny Robinson's motion for a new trial: first, that the judge intended to rule on the merits of the motion after it was adopted by Robinson's attorney; second, that the trial judge knew that she could "disregard" the motion, and she "intended to simply dispose of [Robinson's] motion by 'denying' it."[4] I agree with the majority's conclusion that the record does not support the first presumption of intent, but I disagree with the majority about the second presumption of intent. Because the trial judge had no ministerial duty to rule on the motion, she had no need to "dispose" of the motion or explicitly deny hybrid representation. Therefore, it is contradictory to presume, as the majority does, that the trial judge knew that she was free to disregard the motion while also presuming that she disposed of the motion by denying it. If we presume that the trial judge knew that she was free to disregard the motion, which we should, then we should also presume that she considered and ruled on the merits of the motion when she denied it. As the majority correctly recognizes, we normally construe a denial as a ruling on the merits.[5] Under these circumstances, I do not think that we should question what the trial judge meant when she circled "denied" and signed her name. By denying Robinson's *pro se* motion, I believe that the trial judge issued a ruling on the merits, and by ruling on the merits, the trial judge permitted hybrid representation. I would therefore reverse the judgment of the court of appeals and hold that the trial judge's denial of Robinson's *pro se* motion for a new trial is appealable.

---

1. *Faretta v. California,* 422 U.S. 806, 807, 818, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

2. *Landers v. State,* 550 S.W.2d 272, 279 (Tex. Crim.App.1977).

3. *Johnson v. State,* 760 S.W.2d 277, 291 (Tex. Crim.App.1988) (stating, " 'a patient trial judge may allow both counsel and the accused to jointly participate in the case.' ")

(quoting *Webb v. State,* 533 S.W.2d 780, 784 n. 2 (Tex.Crim.App.1976)); *see also McKaskle v. Wiggins,* 465 U.S. 168, 178, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (addressing the limitations on stand-by counsel).

4. *Ante,* op. at 922.

5. *Ante,* op. at 923.