Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00296-CR

**IN RE** John Anthony **HERNANDEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
            Rebecca Simmons, Justice
            Marialyn Barnard, Justice

Delivered and Filed:   June 3, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On May 20, 2009, relator John Anthony Hernandez filed a petition for writ of mandamus,

complaining of the trial court's failure to rule on various *pro se* motions, a *pro se* pretrial petition

for writ of habeas corpus, and a *pro se* motion to dismiss appointed counsel. However, counsel has

been appointed to represent relator in the criminal proceeding pending in the trial court for which

he is currently confined. A criminal defendant is not entitled to hybrid representation. *See Robinson*

*v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex.

Crim. App. 1995). A trial court has no legal duty to rule on *pro se* motions or petitions filed with

regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240

---

[1] This proceeding arises out of Cause No. 2008-CR-5360, styled *State v. Anthony Hernandez*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on relator's various *pro se* motions and his *pro se* petition for writ of habeas corpus that relates directly to his confinement based on the criminal proceeding pending in the trial court.

As to the *pro se* motion to dismiss his attorney, relator contends he filed the motion on December 26, 2008. However, there is not a copy of the motion in the record and nothing in the record indicates the motion was indeed filed in the trial court. In addition, attorney Jefferson Moore was not appointed relator's counsel until January 8, 2009, almost two weeks after relator contends he filed a motion to disqualify his appointed counsel. It is relator's burden to provide this court with a record sufficient to establish his right to relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); TEX. R. APP. P. 52.3(k), 52.7(a).

Based on the foregoing, we conclude that relator has not shown himself entitled to mandamus relief. Accordingly, the petition is denied. TEX. R. APP. P. 52.8(a).

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for a writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is DENIED as moot.

PER CURIAM

DO NOT PUBLISH