

## MEMORANDUM OPINION

No. 04-09-00460-CR

**IN RE** Leonard **CHILDS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:        Sandee Bryan Marion, Justice
                   Steven C. Hilbig, Justice
                   Marialyn Barnard, Justice

Delivered and Filed: August 12, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On July 29, 2009, relator Leonard Childs filed a petition for writ of mandamus, complaining of the trial court's failure to: (1) rule on his *pro se* motion for new trial; (2) rule on his *pro se* motion to obtain court transcripts; and (3) acknowledge his notice of appeal.

However, counsel has been appointed to represent relator in the criminal proceeding pending in the trial court for which he is currently confined.[2] A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v.*

---

[1] This proceeding arises out of Cause No. 2007-CR-9372A, styled *State of Texas v. Leonard Childs*, in the 186th Judicial District Court, Bexar County, Texas, the Honorable Maria Teresa Herr presiding.

[2] The record indicates that on July 31, 2009, relator's counsel, Christopher Weixel, filed a motion for new trial and a notice of appeal in the trial court.

*State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on *pro se* motions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on relator's *pro se* motions that relate directly to his confinement based on the criminal proceeding pending in the trial court.

In addition, relator complains of the trial court's failure to acknowledge relator's notice of appeal. However, relator's notice of appeal was filed in this court and his appeal is currently pending in this court in cause number 04-09-00475-CR, styled *Leonard Childs v. State of Texas.* Therefore, relator's claim for relief with regard to the notice of appeal is now moot. Accordingly, relator's petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for a writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is DENIED as moot.

PER CURIAM

DO NOT PUBLISH