

# Court Of Appeals
## Fourth Court of Appeals District of Texas
### San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-09-00630-CR

**IN RE** John **RICH**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
                 Phylis J. Speedlin, Justice
                 Rebecca Simmons, Justice

Delivered and Filed:   October 28, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On October 2, 2009, relator John Rich filed a petition for writ of mandamus, seeking to compel the trial court to rule on his *pro se* motion to set aside the indictment.

However, counsel has been appointed to represent relator in the criminal proceeding pending in the trial court for which he is currently confined.[2] A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v.*

---

[1] This proceeding arises out of Cause No. 2008-CR-4083, styled *State of Texas v. John Rich,* in the 144th Judicial District Court, Bexar County, Texas, the Honorable Catherine Torres-Stahl presiding.

[2] Attorney Raul Trevino was the appointed attorney representing relator at the time he filed his *pro se* motion. On August 14, 2009, the trial court granted Mr. Trevino's motion to withdraw as counsel. On October 8, 2009, attorney Charles Bunk was appointed to represent relator in the criminal proceeding pending in the trial court.

*State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on a *pro se* motion filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on relator's *pro se* motion that relates directly to his confinement based on the criminal proceeding pending in the trial court. Accordingly, relator's petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH