*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00720-CR

**IN RE** Willie Louis **JACKSON, JR.**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Sandee Bryan Marion, Justice

Delivered and Filed:   November 25, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On November 10, 2009, relator Willie Louis Jackson, Jr. filed a petition for writ of mandamus, complaining of the trial court's failure to rule on the following *pro se* motions: motion requesting an examining trial; motion to dismiss counsel, Scott Steele; and motion to appoint an investigator.

On October 9, 2009, relator was appointed new counsel, Virginia Maurer. Therefore, relator's complaint that the trial court has failed to rule on his motion to dismiss his former counsel, Scott Steele, is denied as MOOT.

---

[1] This proceeding arises out of Cause No. 2009-CR-9828, styled *State of Texas v. Willie Jackson, Jr.*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

As to relator's remaining complaints, relator is currently represented by counsel in the criminal proceeding pending in the trial court for which he is currently confined. A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on a *pro se* motion filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on relator's various *pro se* motions that relate directly to his confinement based on the criminal proceeding pending in the trial court. Accordingly, relator's petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is DENIED as moot.

PER CURIAM

DO NOT PUBLISH