



## MEMORANDUM OPINION

No. 04-10-00599-CR

**IN RE** Clyde **LEWIS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice

Delivered and Filed:   August 25, 2010

PETITION FOR WRIT OF MANDAMUS DENIED

On August 18, 2010, relator Clyde Lewis filed a petition for writ of mandamus, complaining of the trial court's failure to rule on his *pro se* "Writ of Habeas Corpus because of Delay." However, counsel has been retained by relator to represent relator in the criminal proceeding pending in the trial court for which he is currently confined. A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on *pro se* motions or petitions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922. Consequently, the trial court did not

---

[1] This proceeding arises out of Cause No. 2009-CR-4105, styled *State of Texas v. Clyde Lewis*, pending in the 227th Judicial District Court, Bexar County, Texas, the Honorable Philip Kazen presiding.

abuse its discretion by declining to rule on relator's *pro se* writ of habeas corpus filed in the criminal proceeding pending in the trial court. Accordingly, the petition is denied. TEX. R. APP. P. 52.8(a).

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for a writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is DENIED as moot.

PER CURIAM

DO NOT PUBLISH