

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

### NO. 02-11-00052-CV

IN RE STEVEN RILEY                                                    RELATOR

----------

### ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

On February 7, 2011, Relator Steven Riley filed a petition for writ of mandamus, complaining that the respondent had not ruled on certain motions. Relator has retained counsel to represent him in the trial court. We conclude that retained counsel for Relator in the trial court is also his counsel for an original proceeding because the issues presented arise as a direct result of the pending criminal charges. Relator is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State,* 906

---

[1]*See* Tex. R. App. P. 47.4.

S.W.2d 481, 498 (Tex. Crim. App. 1995), *cert. denied,* 517 U.S. 1106 (1996). The absence of a right to hybrid representation means Relator's pro se petition for writ of mandamus will be treated as presenting nothing for this court's consideration. *See Patrick,* 906 S.W.2d at 498; *see also Gray v. Shipley,* 877 S.W.2d 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding). Consequently, this court has determined that Relator's pro se petition should be disregarded. Therefore, the petition is dismissed. *See Robinson*, 240 S.W.3d at 922; *In re West*, --- S.W.3d ---, No. 07-09-0279-CV, 2009 WL 2618130, at *1 (Tex. App.—Amarillo Aug. 26, 2009, orig. proceeding).

PER CURIAM

PANEL: GABRIEL, DAUPHINOT, and MEIER, JJ.

DELIVERED: March 24, 2011