Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-12-00291-CR

**IN RE** Leslie Joe **ALLEN,** Relator

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
            Steven C. Hilbig, Justice
            Marialyn Barnard, Justice

Delivered and Filed:   June 6, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

On May 10, 2012, Relator Leslie Joe Allen filed in this court a document entitled Application for Leave to File Petition for Writ of Mandamus and a document entitled Petition for Writ of Habeas Corpus Relief.[2] Relator's attachment, entitled Petition for Writ of Habeas Corpus, is based on Relator's desire to exclude evidence allegedly obtained in violation of his Fourth Amendment right against unreasonable search and seizure. In order to seek mandamus relief, the relator must file a petition in accordance with Rule 52 of the Texas Rules of Appellate Procedure. However, Relator's petition fails to satisfy the requirements of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52. Relator's petition fails to comply with numerous

---

[1] This proceeding arises out of Cause No. 2010-CR-10207, styled *State of Texas v. Leslie Joe Allen*, pending in the 144th Judicial District Court, Bexar County, Texas, the Honorable Angus McGinty presiding.

[2] Please note that the requirement that a motion for leave accompany a petition was repealed in 1997. TEX. R. APP. P. 52 notes & cmts.

requirements outlined in Rules 52.3(a)-(k) and 52.7(a). *See* TEX. R. APP. P. 52 .3 ("[t]he petition must, under appropriate headings and in the order here indicated, contain" all of the items listed in 52.3(a)-(k)). Additionally, the relator must furnish an appendix or record sufficient to support the claim for mandamus relief. TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record). Accordingly, the petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).[3]

PER CURIAM

DO NOT PUBLISH

---

[3] We also note that counsel was been appointed to represent Relator in the criminal proceeding pending in the trial court for which he is currently confined. A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on pro se motions or petitions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922. Consequently, the trial court does not abuse its discretion by declining to rule on relator's pro se motions filed in the criminal proceeding pending in the trial court.