



## MEMORANDUM OPINION

No. 04-12-00508-CR

**IN RE** Ali **MAYBERRY**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:  August 22, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

On August 9, 2012, relator Ali Mayberry filed a *pro se* petition for writ of mandamus, complaining of the trial court's failure to rule on several pending petitions for writ of habeas corpus relief. Attached to Mayberry's petition is a motion filed by his court-appointed attorney adopting certain *pro se* motions and one *pro se* writ filed by Mayberry; however, it does not appear that all of the habeas petitions referenced in the mandamus petition were adopted by Mayberry's court-appointed attorney. In any event, a criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on *pro se* motions or petitions filed with regard to a criminal proceeding in which the defendant is

---

[1] This proceeding arises out of Cause No. 2012CR2542, styled *The State of Texas v. Ali Mayberry*, pending in the 144th Judicial District Court, Bexar County, Texas, the Honorable Angus McGinty presiding.

represented by counsel.  *See Robinson*, 240 S.W.3d at 922.  Moreover, we conclude Mayberry's court-appointed attorney is also counsel for any original proceeding on the issue presented.  *See In re Wells*, No. 04-08-00899-CR, 2008 WL 5412380, at \*1 (Tex. App.—San Antonio Dec. 23, 2008, orig. proceeding).  Accordingly, the petition for writ of mandamus is denied.  TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH