Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-12-00573-CR

**IN RE** Christopher **CRUMEDY**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
              Phylis J. Speedlin, Justice
              Rebecca Simmons, Justice

Delivered and Filed:  September 19, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

Relator Christopher Crumedy was charged with the offense of manufacturing and delivery of a controlled substance, less than one gram, alleged to have occurred on January 26, 2011. Crumedy was subsequently arrested and confined at the Bexar County Adult Detention Center. Bail was set at $50,000.00 on this cause and a second bond of $20,000.00 was set on Crumedy's companion case. On October 30, 2012, the trial court determined Crumedy was indigent and appointed counsel. On December 1, 2011, Crumedy filed a pro se motion for bond reduction with the trial court. Crumedy contends that at three difference court appearances, November 18, 2011, March 17, 2012, and July 30, 2012, he requested his trial counsel file a bond reduction motion. Even further, Crumedy argues he prepared the motion for his counsel to

---

[1] This proceeding arises out of Cause No. 2011CR2844, styled *State of Texas v. Christopher Crumedy*, pending in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary D. Roman presiding.

present to the trial court. On July 30, 2012, Crumedy appeared before the trial court represented by counsel. Although Crumedy had previously filed a writ of habeas corpus seeking to dismiss his trial counsel, Crumedy agreed to drop the writ and proceed with the trial date.

On August 1, 2012, Crumedy alleges he was returned to the courthouse, where his trial counsel participated in a hearing without his consent or presence. On September 6, 2012, Crumedy filed a petition for writ of mandamus contending the trial court's failure or refusal to grant his application for bond reduction is irreparably impairing and prejudicing his ability to present a reasonable defense to the charges against him.

As noted, counsel was appointed to represent Crumedy in the criminal proceeding pending in the trial court for which he is currently confined. A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on pro se motions or petitions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on Crumedy's pro se motion filed in the criminal proceeding pending in the trial court.[2]

Accordingly, the petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH

---

[2] We note that the trial court's records appear to reflect that Crumedy's current bond on this cause was reduced from $50,000.00 to $30,000.00.