**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 1, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00812-CR
_____


### IN RE ORLEAN AYERS, Relator


**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 597938**


## MEMORANDUM OPINION

On September 16, 2013, relator Orlean Ayers filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that the respondent, the Honorable Stacey Bond, presiding judge of the 176th District Court of Harris County, has failed to rule on two motions filed August 5, 2011 and January 10, 2013. Relator also complains that the respondent has not conducted a live hearing on his motion for post-conviction

DNA testing, as required by article 64.04 of the Code of Criminal Procedure. Relator asks that we compel the respondent to act in these various matters. We deny mandamus relief.

## BACKGROUND

In 1991, three burglars broke into a home and killed one of the occupants. Relator was charged in connection with the incident, but a jury convicted him of only aggravated robbery. Punishment was assessed at life imprisonment. On direct appeal, we affirmed the trial court's judgment. *See Ayers v. State*, 879 S.W.2d 176 (Tex. App.—Houston [14th Dist.] 1994, no pet.).

In 2008, relator filed a motion for post-conviction DNA testing under Chapter 64 of the Code of Criminal Procedure. Under this chapter, a convicted person is entitled to the appointment of counsel if the court determines that the motion has reasonable grounds to be filed and the person is indigent. *See* Tex. Code Crim. Proc. art. 64.01(c). Furthermore, if the court determines that DNA testing is warranted, it must conduct a hearing, review the test results, and decide whether those test results would have affected the movant's conviction had they been available at the time of trial. *See id.* art. 64.04.

In 2009, the trial court appointed Mark Hochglaube, a public defender, to represent relator in his Chapter 64 motion. The trial court signed an order in 2011 granting DNA testing on some, but not all, of the evidence collected from the crime scene. Relator objected to the trial court's exclusion of a particular item of evidence requested in his motion. Claiming that the trial court had failed to rule on this objection, relator filed a petition for writ of mandamus, asking that we compel the trial court to issue a ruling. We denied mandamus relief in 2012 because relator had not shown that his objection was actually brought to the attention of the trial

2

court. *See In re Ayers*, No. 14-12-00097-CR, 2012 WL 629346, at *1 (Tex. App.—Houston [14th Dist.] Feb. 28, 2012, orig. proceeding) (per curiam).

Relator subsequently filed a motion with the trial court, asking that it rule on his earlier objection. The motion was filed in March 2012, but the record does not reflect that relator ever obtained a ruling.

In December 2012, relator received a letter from Hochglaube, his appointed counsel. Attached to the letter were the results from the DNA testing, which excluded relator from every DNA profile that had been obtained from the evidence. Hochglaube advised relator to keep his expectations low, suspecting that the test results were not fully exculpatory. Hochglaube stated that there were some accounts that relator had acted as a getaway driver, meaning there would be no reason for finding his DNA in the home of the complainant. Hochglaube repeated, however, that he would still advocate on behalf of relator and urge the trial court that the absence of DNA evidence was indeed exculpatory.

Relator disapproved of Hochglaube's letter and filed his own motion with the trial court, objecting to "his counsel's intention to argue the improper theory of [relator] being the getaway driver in the crime." The motion was filed in the trial court on January 10, 2013, two days after the trial court had issued findings that the DNA testing would not have affected relator's conviction.

## ANALYSIS

In his latest petition for writ of mandamus, relator complains about the trial court's failure to rule on two of his motions and on its failure to conduct a live hearing, as required by rule. To be entitled to mandamus relief, relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he

seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

Relator's first complaint pertains to a motion filed August 5, 2011, objecting to the trial court's exclusion of evidence from DNA testing. Relator did not include a copy of this motion in his mandamus record. *See* Tex. R. App. P. 52.7(a)(1) (requiring "a certified or sworn copy of every document that is material to the relator's claim for relief"). However, the motion was attached to relator's previous petition for writ of mandamus. Our records show that relator filed this motion pro se at a time when he was represented by counsel. Relator is not entitled to hybrid representation, and the trial court was free to disregard relator's pro se motion. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Accordingly, relator cannot show that the trial court failed to perform a ministerial act.

Relator's second complaint pertains to a motion filed January 10, 2013, in which relator objected to certain arguments he expected from Hochglaube. Assuming relator had permission to file this motion pro se, the motion was untimely. It was filed in the trial court two days after the court had already ruled on the merits of relator's Chapter 64 motion. The trial court cannot be faulted for failing to rule on a motion that was not presently before it. To whatever extent relator contends that Hochglaube actually engaged in improper argument, relator has an adequate remedy by appeal. *See* Tex. Code Crim. Proc. art. 64.05. Indeed, our records show that relator has already begun an appeals process in Cause No. 14-13-0229-CR.

In his third complaint, relator claims that the trial court failed to conduct a live hearing, as required by Article 64.04. Relator has an adequate remedy by

addressing this complaint on direct appeal. *Cf. Rivera v. State*, 89 S.W.3d 55, 58–59 (Tex. Crim. App. 2002) (considering, on direct appeal, whether appellant was entitled to a hearing under a different provision in Chapter 64).

## CONCLUSION

Relator has not established that he is entitled to mandamus relief. We accordingly deny his petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Brown, Christopher, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).