**AFFIRMED; Opinion Filed June 4, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01140-CR

### MANUEL JOSEPH CORTEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1230535-T**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice Moseley

Manuel Joseph Cortez was indicted for driving while intoxicated. He entered an open plea of guilty and pleaded true to an enhancement paragraph. The trial court accepted the open plea and sentenced Cortez to twelve years' incarceration. In a single issue, Cortez argues the State improperly filed a notice that it intended to submit an enhancement paragraph to the jury. The background of the case and the evidence adduced below are well known to the parties; thus, we do not recite them here. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

The indictment alleged that Cortez unlawfully operated a motor vehicle while intoxicated, and that Cortez had two prior convictions for driving while intoxicated. After the indictment was filed, the State filed a "Notice of the State's Special Plea of Enhancement Paragraphs," which notified Cortez that the State intended to submit an enhancement paragraph

to the jury. The certificate of service on the notice states that a copy was "emailed to the defendant's attorney of record" and provided the name of Cortez's attorney. Cortez then filed a pro se motion to quash the enhancement paragraph. The record does not show that the trial court ruled on Cortez's motion.

On appeal, Cortez argues the State's notice of enhancement to the indictment was a nullity because the State failed to obtain leave from the trial court to amend the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 28.11 (West 2006). In response, the State argues Cortez failed to preserve his objection. We agree.

To preserve an issue for appellate review, the record must show the complaining party made a timely request, objection, or motion that stated the grounds for the ruling sought and that the trial court ruled on the request, objection or motion either implicitly or expressly or the trial court refused to rule on the request, objection, or motion, and the complaining party objected to the refusal. TEX. R. APP. P. 33.1(a). Although Cortez filed a pro se motion to quash the enhancement paragraph, he never obtained a ruling from the trial court on that motion. Therefore, he did not preserve the issue for review.

Additionally, when Cortez filed his pro se motion, he was represented by counsel. In Texas, there is no right to hybrid representation. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). The trial court's decision not to rule on a pro se motion filed when the defendant is represented by counsel is not subject to review. *Id.* Because Cortez was represented by counsel and the trial court did not rule on his motion, there is nothing for us to consider on appeal.

We overrule Cortez's sole issue and affirm the trial court's judgment.

/Jim Moseley/

JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131140F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MANUEL JOSEPH CORTEZ, Appellant

No. 05-13-01140-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1230535-T.
Opinion delivered by Justice Moseley.
Justices O'Neill and FitzGerald participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of June, 2014.

/Jim Moseley/

JIM MOSELEY
JUSTICE