

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00216-CR

Marcus A. **COOPER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR10168
Honorable Steve Hilbig, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: November 4, 2015

AFFIRMED

Following a jury trial, Appellant Marcus A. Cooper was convicted of aggravated sexual assault and sentenced to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine in the amount of $10,000.00. In his sole issue on appeal, Cooper contends the trial court erred in refusing to grant his motion for speedy trial. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

Cooper was charged with aggravated sexual assault with a deadly weapon alleged to have occurred on March 30, 2013. Because the complainant was unable to identify the perpetrator, a DNA profile was developed and entered into a national DNA databank. Approximately one-year later, San Antonio officers were alerted to a DNA match, and Cooper was arrested in April of 2014. The district attorney's office obtained an indictment in July of 2014 and the case was subsequently reindicted in November of 2014. Jury selection began on March 30, 2015.

Although Cooper was represented by counsel, he filed numerous pro se motions for speedy trial. We have long recognized that because a defendant has no right to hybrid representation, "a trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Accordingly, we do not address Cooper's pro se motions. *Id.* ("[A] trial court's decision not to rule on a pro se motion" is not "subject to review.").

On March 27, 2015, the last business day before the case was set for trial, Cooper's trial counsel orally adopted Cooper's January 21, 2015 speedy trial motion. We, therefore, address the motion for speedy trial adopted by defense counsel.

## SPEEDY TRIAL

"The Sixth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, guarantees a speedy trial to an accused." *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014) (citing U.S. CONST. amend VI). When reviewing a defendant's speedy-trial claim, we consider four factors given by the Supreme Court: "(1) the length of delay, (2) the State's reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant because of the length of delay." *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). To invoke the court's *Barker* balancing test, the accused

must first show the delay between the accusation and the trial is "presumptively prejudicial." *Id*. Generally, "any delay of eight months or longer is presumptively unreasonable and triggers [a] speedy trial analysis." *Zamorano v. State*, 84 S.W.3d 643, 649 n.26 (Tex. Crim. App. 2002).

## A.    Standard and Scope of Review

In applying the *Barker* test, a "reviewing court uses the same burden of proof allocation as in the context of a motion to suppress." *Gonzales*, 435 S.W.3d at 808. As such, we afford "almost total deference to historical findings of fact of the trial court that the record supports and draw reasonable inferences from those facts necessary to support the trial court's findings." *Id*. at 808–09. However, "we review de novo whether there was sufficient presumptive prejudice to proceed to a *Barker* analysis and the weighing of the *Barker* factors, which are legal questions." *Id*. at 809. We do not consider any "record evidence that was not before the trial court when it made its ruling." *Id*.

## B.    Arguments of the Parties

Cooper contends the eleven-month delay between arrest and trial was presumptively prejudicial and the State's failure to offer any explanation only exacerbated the prejudice.

The State counters there was only a four-month delay between indictment and the start of trial. Additionally, the State argues the only time a motion for speedy trial was presented by counsel was the last business day before trial. During the hearing, Cooper did not present any evidence to support his allegations. Accordingly, the State argues the trial court properly denied the motion.

## C.    *Barker* Factors

### 1.    *Presumptive Prejudice and Length of Delay*

We measure "[t]he length of the delay . . . from the time the accused is arrested or formally accused." *Id*. (citing *United States v. Marion*, 404 U.S. 307, 313 (1971)). "When the length of

delay stretches well beyond the bare minimum needed to trigger a full *Barker* analysis, the length of a delay weighs against the State, and the longer the delay, the more the defendant's prejudice is compounded." *Id*. (footnote omitted). As the length of the delay increases, we weigh the delay more heavily against the State "because 'the presumption that pretrial delay has prejudiced the accused intensifies over time.'" *Id*. (quoting *Zamorano*, 84 S.W.3d at 649).

Although the State argues there was only a four-month delay between indictment and trial, this ignores the fact Cooper's case was initially indicted in July of 2014 and then reindicted in November of 2014. Additionally, Cooper was arrested on April 29, 2014, and remained incarcerated until his trial commenced on March 30, 2015. We thus consider the relevant time period constituting an eleven-month delay.

Because this delay exceeded eight months, the delay is presumptively prejudicial. *See Zamorano*, 84 S.W.3d at 649 n.26. The delay did not, however, extend far beyond the minimum time require to trigger a full *Barker* analysis. As a result, this factor weighs against the State, but it weighs less heavily than would a longer delay. *See Gonzales*, 435 S.W.3d at 809 (noting length of delay weighs heavily against the State when delay extends far beyond time required to trigger analysis).

### 2.     *Reason for the State's Delay*

In evaluating the reasons for the delay, "we assign different weights to different reasons." *Id*. A deliberate delay by the State in an effort to hamper the defense weighs heavily against the State, while a more neutral reason, such as overcrowded dockets or negligence, weighs less heavily. *Id*. Finally, a valid reason may serve to justify an appropriate delay so that the delay does not weigh against the State. *Id*. at 809–10.

Here, the State never provided the trial court with a reason for the delay. Additionally, the trial court noted the court's file did not indicate that the State ever requested a continuance on the matter.

The delay between Cooper's arrest and the State's first indictment was three months. Yet, as we previously discussed, the total delay amounted to approximately eleven months. Thus, even if we presume the delay weighs against the State, the record does not establish that the delay was an effort to hamper the defense. We, therefore, conclude this factor weighs against the State, although not strongly. *See id.* at 809.

### 3. Assertion of the Right

"Whether and how a defendant asserts his speedy trial right is closely related to the other three factors because the strength of his efforts will be shaped by them." *Zamorano*, 84 S.W.3d at 651. If a defendant asserts this right, "the defendant's assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. Conversely, a failure to assert the right makes it difficult for a defendant to prove that he was denied a speedy trial." *Id.*

The first time defense counsel presented a speedy trial motion to the trial court was the last business day before the case was called to trial.

Trial Court: If we're going to have to have a hearing on this [speedy trial motion], then I want to have a hearing on this. We're not going to do it by way of proffer, is all I'm saying. So I'm going to set that aside.

Defense Counsel: Okay.

At the end of the hearing the trial court inquired further,

Trial Court: Now, what do you want to do with this Motion for Speedy Trial?

Defense Counsel: Pick it up maybe Monday morning since you want to have a hearing on it, you said.

Trial Court:      Well, I'm [not] going to grant it based just on the contents of the motion. So, if you want a hearing, you get ready. We'll have a hearing [on the first day of trial] after docket call.

Defense Counsel: Okay.

Because the requested hearing was made so late in the pretrial proceedings, and defense counsel was not ready to proceed at that time, this factor weighs against Cooper.

### 4.     *Prejudice Caused by the Delay*

"'Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect.'" *Id*. at 652 (quoting *Barker*, 407 U.S. at 532). "The Supreme Court has identified three such interests: 1) to prevent oppressive pretrial incarceration; 2) to minimize anxiety and concern of the accused; and 3) to limit the possibility that the defense will be impaired." *Id*. (citing *Barker*, 407 U.S. at 532). "[T]he last type of prejudice is the most serious. . . ." *Id*.

On the third day of trial, the trial court again recalled the motion for speedy trial matter for a hearing. The trial court granted defense counsel's request to take notice of the court's file in the case including the State's first indictment. The trial court also inquired as to the numerous pro se motions in the file reiterating that Cooper was not entitled to hybrid representation. The trial court reminded counsel that only those motions filed and/or adopted by defense counsel would be considered.

#### a.     <u>Defense Arguments before the Trial Court</u>

Defense counsel was provided an opportunity to present evidence on Cooper's motion for speedy trial, but declined to do so. Instead, defense counsel relied solely on cross-examination and closing argument. She pointed the trial court's attention to the fact that Cooper had been held under two indictments for the very same cause. Counsel argued Cooper was ready and willing to proceed to trial. She argued, without evidentiary support, that the State's reindictment was simply

a means of delaying the trial. Because the State could have amended the indictment, and instead chose to reindict the matter, defense counsel asserted the State caused delay and unfair prejudice. Finally, defense counsel contended the State's delay between incident and arrest caused additional delay.

> Defense Counsel: I do think it's noteworthy that this offense date was March 30th, 2013. So that the case, the Government or the State or their representatives had one year to work on it before they even arrested him. So I don't know why they delayed it so much further. It impaired our defense or our ability to defend.
>
> I know of witnesses that I'm going to present that no longer have certain evidence that could have been obtained around March of 2013, that wasn't obtained. We already had testimony in this case from [Detective Manuel Morales] indicating that he didn't make any effort to go get the [video-tape of the interview he conducted with Cooper], and now that video no longer exists because they didn't do it, and we've been prejudiced by that.
>
> And the further out this [case] was set and the further— longer they took to arrest him and indict him, and the longer they took to bring him to trial, not only are the witnesses' memories shot, the complaining witness's statements are changing from that time until now. And that the Defendant, by the time he was arrested in 2014, had diminished, I guess, a memory of what would have happened back in March 30th, 2013, and even now furthermore.

Defense counsel further opined that the State's reindictment may well have been based on their failure to be ready for trial.

> Defense Counsel: [The State] further delayed [trial] by filing another indictment where they could have just amended the indictment. Maybe they weren't ready for the third or fourth time. And instead of admitting that and dismissing it, they just reindicted it to start the counter all over again.

### b. State Arguments before the Trial Court

The State also declined an opportunity to present evidence regarding Cooper's speedy trial motion. The State, however, argued the delay was just as likely caused by the fact that Cooper

was on his second trial cousel and the need for his current counsel to prepare for the case. Finally, the State asserted the delay between incident and arrest was not at issue before the court.

> The State: The date of arrest should not be taken into consideration because, you know, that's an issue that the State has to address as far as investigation. There is no statute of limitations for that, that is affected by this offense.

At the conclusion of argument by both the State and defense counsel, the trial court denied the defense motion "on the state of evidence."

Given Cooper's lack of evidentiary support for *any* of his arguments, we conclude this factor weighs against Cooper.

**D.      Balancing the *Barker* Factors**

Our analysis begins with the presumptively prejudicial analysis set forth in *Zamarano*. *See Zamorano*, 84 S.W.3d at 649. We note the trial court provided both defense counsel and the State an opportunity to present evidence, yet neither opted to do so. Although the State's failure to explain the reason for the delay associated with returning a second indictment weighs against it, the actual delay only extended three months beyond *Zamorano*'s eight-month speedy trial trigger. *See id.* at 649 n.26. Additionally, as Cooper points out, he filed numerous pro se motions with the trial court. However, we conclude that he failed to timely assert his right *through his defense counsel*. We, therefore, weigh Cooper's assertion of his right, and the absence of proof of prejudice, heavily against Cooper. Therefore, balancing all of the *Barker* factors, and reviewing the evidence before the trial court at the time of the hearing, we conclude the trial court did not err in overruling Cooper's speedy trial motion.

Accordingly, we overrule Cooper's sole issue on appeal.

Patricia O. Alvarez, Justice

DO NOT PUBLISH