**Opinion issued September 15, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00647-CR

———————————

## IN RE JULIO FRAN CERVANTES-SEGURA, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Julio Fran Cervantes-Segura, proceeding pro se and incarcerated, has

filed an "Application For Leave to File Original Writ of Mandamus" in this Court.

Relator seeks to compel the respondents, listed as "The State of Texas" or "The

180th Dist. Court," to re-appoint a public defender as his counsel because his

currently-retained counsel has allegedly provided ineffective assistance, and to hold

a hearing to dismiss his felony indictment because of an alleged failure to bring him to trial in a timely manner, in his underlying criminal proceeding.[1]

We construe the application as a petition for writ of mandamus, but deny the petition.[2] *See* TEX. R. APP. P. 52.8(a), (d). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] The underlying case is *The State of Texas v. Julio Fran Cervantes-Segura*, Cause No. 1445818, pending in the 180th District Court, Harris County, Texas, The Honorable Catherine Evans presiding.

[2] By statute, we have authority to issue a writ of mandamus only against a judge of a district or county court in our district and as necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. §§ 22.221(a), (b) (West Supp. 2015). Neither the State nor the 180th District Court are a judge of a district or county court, and relator has failed to state how the writ is necessary to enforce our appellate jurisdiction. *See id.* To the extent that relator intended to name the district judge as respondent, we deny mandamus relief. Because relator admits that he is represented by counsel below, and a criminal defendant is not entitled to hybrid representation, his pro se petition presents nothing for this Court's review. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).