**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 13, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-16-00939-CV

---

### IN RE ZAHIR QUERISHI, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 86707**

---

## MEMORANDUM OPINION

On November 18, relator Zahir Querishi filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable

Michael Schneider, presiding judge of the 315th District Court of Harris County, to rule on his *pro se* "Amended Writ of Habeas Corpus."

A criminal defendant is not entitled to hybrid representation in the same cause and a trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). As a result, "a trial court's decision not to rule on a pro se motion" is not "subject to review." *Robinson*, 240 S.W.3d at 922. The absence of a right to hybrid representation also means that a relator's pro se mandamus petition should be treated as presenting nothing for this court's review. *See Gray v. Shipley,* 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding); *In re Harrison*, 14-15-00370-CV, 2015 WL 5935816, at *2 (Tex. App.—Houston [14th Dist.] Oct. 13, 2015, orig. proceeding).

The Amended Writ of Habeas Corpus is included in the Appendix and has a stamp indicating that it was filed on February 27, 2015. Relator was represented by counsel Richard Wetzel when he allegedly filed and requested a ruling on his Amended Writ of Habeas Corpus. *See In re Querishi*, 14-15-01100-CV, 2016 WL 546019, at *1 (Tex. App.—Houston [14th Dist.] Feb. 9, 2016, orig. proceeding) and *In re Texas Bd. of Pardons & Paroles*, 495 S.W.3d 554 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). Because relator was represented by counsel when he allegedly filed and requested a ruling on his Amended Writ of Habeas Corpus, the trial court was free to disregard that filing and had no duty to rule.

2

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Boyce, Busby, and Wise.