**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed October 2, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00837-CR

---

### IN RE LESLIE FOSTER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 16CR1600**

---

## MEMORANDUM OPINION

On September 25, 2018, relator Leslie Foster filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52.  In the petition, relator asks this court to appoint new counsel to represent him in the pending appeal of his criminal conviction, Case No. 14-17-00893-CR.

The jurisdiction of the courts of appeals to issue writs of mandamus is prescribed by section 22.221 of the Texas Government Code, which provides that a court of appeals may issue a writ of mandamus to enforce its jurisdiction or against certain judges identified in section 22.221(b). Tex. Gov't Code § 22.221. Because relator does not seek a writ of mandamus to enforce the jurisdiction of this court or a writ against a judge, but rather asks this court to appoint new counsel, we lack jurisdiction of relator's petition.

Additionally, because relator is represented by counsel in his pending appeal, his pro se mandamus petition presents nothing for this court's review. A criminal defendant is not entitled to hybrid representation. *See Robinson v. State,* 240 S.W.3d 919, 922 (Tex. Crim. App. 2007)*; Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means that a relator's pro se mandamus petition should be treated as presenting nothing for this court's review. *See Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.–Houston [1st Dist.] 1994, orig. proceeding).

For these reasons, we dismiss relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Christopher, Jamison, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).