**DENIED and Opinion Filed June 12, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00546-CV**

**IN RE GENTRY S. LEONARD, Relator**

**Original Proceeding from the County Criminal Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. M2316874**

## MEMORANDUM OPINION

Before Justices Reichek, Smith, and Kennedy
Opinion by Justice Reichek

Before the Court is relator's June 1, 2023 petition for writ of mandamus wherein relator seeks relief from a bond reduction order that denied his request for a personal bond, which he claims is required under article 17.151 of the Texas Code of Criminal Procedure.

Relator's petition does not comply with the Texas Rules of Appellate Procedure in numerous respects. *See, e.g.*, TEX. R. APP. P. 52.3(a)–(k), 52.7(a). For instance, a petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator failed to certify his petition.

Additionally, Rule 52.3(k)(1)(A) requires a relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires a relator to file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Certified copies may be ordered from the appropriate court clerk. *See In re Hamilton*, No. 05-19-01458-CV, 2020 WL 64679, at *1 (Tex. App.—Dallas Jan. 7, 2020, orig. proceeding) (mem. op.). Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration stating under penalty of perjury that the person making the affidavit or unsworn declaration has personal knowledge that the copies of the documents attached are correct copies of the originals. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001. The documents contained in relator's appendix and record are neither certified nor sworn copies. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Finally, we note that relator has filed his mandamus petition pro se, but his record indicates that he has court appointed counsel in the underlying criminal matter. A criminal defendant is not entitled to hybrid representation. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Because relator's complaint in his mandamus petition arises from the underlying criminal matter, relator must look to his appointed counsel for representation in this original proceeding. *See In re Bice*,

No. 12-12-00038-CR, 2012 WL 2033131, at *1 (Tex. App.—Tyler June 6, 2012, orig. proceeding) (mem. op.); *In re Wright*, No. 05-08-00072-CV, 2008 WL 376162, at *1 (Tex. App.—Dallas Feb. 13, 2008, orig. proceeding) (mem. op.); *In re Watson,* No. 07–08–00232–CV, 2008 WL 2583003, at *1 (Tex. App.—Amarillo June 30, 2008, orig. proceeding).

Accordingly, we deny relator's petition for writ of mandamus.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

230546F.P05