Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-12-00572-CR

**IN RE** Christopher **CRUMEDY**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  September 19, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

Relator Christopher Crumedy was charged with the offense of possession of a controlled substance with intent to deliver alleged to have occurred on October 14, 2011. Crumedy was arrested and confined at the Bexar County Adult Detention Center. Bail was set at $20,000.00; and on October 30, 2011, the trial court determined Crumedy was indigent and appointed counsel. On February 3, 2012, Crumedy allegedly filed a pro se motion for bond reduction with the trial court. On July 30, 2012, Crumedy appeared before the trial court represented by counsel. Although Crumedy had previously filed a writ of habeas corpus seeking to dismiss his trial counsel, Crumedy agreed to drop the writ and proceed with the trial date.

---

[1] This proceeding arises out of Cause No. 2012CR0263, styled *State of Texas v. Christopher Crumedy*, pending in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary D. Roman presiding.

Crumedy alleges his trial counsel participated in a hearing on August 1, 2012 without his consent or presence; and as a result, Crumedy's alleges his bond was increased to $30,000.00. On September 6, 2012, Crumedy filed a petition for writ of mandamus contending the trial court's failure or refusal to grant his application for bond reduction is irreparably impairing and prejudicing his ability to present a reasonable defense to the charges against him.

However, counsel has been appointed to represent Crumedy in the criminal proceeding pending in the trial court for which he is currently confined. A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on pro se motions or petitions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on Crumedy's pro se motion filed in the criminal proceeding pending in the trial court. Accordingly, the petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH