**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:       Mauricio Izaguirre v. The State of Texas

Appellate case number:    01-16-00486-CR

Trial court case number:   1341419

Trial court:                     179th District Court of Harris County

This case involves an appeal from a judgment, signed by the trial court on April 4, 2016, in which the appellant, Mauricio Izaguirre, pleaded guilty, without an agreed punishment recommendation, to the felony offense of murder for which the judge assessed his punishment at thirty-five years' confinement. The trial court certified appellant's right of appeal because this was not a plea-bargain case and appellant had a right of appeal as to punishment. *See* TEX. R. APP. P. 25.2(a)(2)(B).

Proceeding *pro se*, appellant filed a notice of appeal from the judgment of conviction, which was assigned to this Court. On June 17, 2016, the trial clerk assigned this appeal to this Court, but listed "TO BE DETERMINED" as appellant's appellate counsel. On June 21, 2016, the reporter filed an information sheet in this Court noting that, while there was a reporter's record and appellant was not indigent, the reporter had not yet received a request or payment to prepare the reporter's record from the appellant.

On June 23, 2016, appellant filed a *pro se* combined motion for an extension of time to file the appellate records and for the appointment of appellate counsel. Because the clerk's records have not been filed in this Court, a review of the trial clerk's website shows that retained counsel, Mark Christopher Thering, represented appellant in the trial court. If retained trial counsel does not wish to continue to represent an appellant, counsel must file a motion to withdraw with the trial court and be granted withdrawal. *See Whitehead v. State*, 130 S.W.3d 866, 879 (Tex. Crim. App. 2004); *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003).

Because the trial clerk's docket sheet does not refer to an order from the trial court allowing counsel to withdraw, and this appeal has not been exhausted, Mark Christopher

Thering continues as appellant's counsel until permitted to withdraw. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2015) (requiring attorney to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record"). Thus, appellant's two *pro se* motions, both filed on June 23, 2016, are **dismissed as moot** because he is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). The Clerk of this Court has been directed to add Mark Christopher Thering as appellant's counsel.

However, trial counsel did not sign appellant's notice of appeal, indicating that counsel did not intend to represent appellant on appeal. *See Whitehead*, 130 S.W.3d at 879; *Jones*, 98 S.W.3d at 703. Accordingly, the Court sua sponte **abates** the appeal and **remands** the case to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Mark Christopher Thering, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

(1) determine whether appellant wishes to prosecute the appeal;

(2) if appellant wishes to prosecute the appeal, determine whether appellant is indigent;

(3) if appellant is indigent, determine whether good cause exists to relieve Mark Christopher Thering of his duties as appellant's counsel;

    a. if good cause exists to remove counsel, enter a written order relieving Mark Christopher Thering of his duties as appellant's counsel, and appoint substitute appellate counsel at no expense to appellant; or

    b. if good cause does not exist to remove counsel, provide a final deadline by which Mark Christopher Thering must file requests for the clerk's and reporter's records in the trial court, which shall be no more than 30 days from the date of the hearing;

(4) if appellant is not indigent and Mark Christopher Thering does not intend to represent appellant on appeal,

    a.    determine whether appellant has retained an attorney to represent

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

him on appeal, and, if so, obtain the name, address, and telephone number of retained counsel;

b. if appellant has not retained counsel, admonish appellant of the dangers and disadvantages of self-representation, and

   i. determine whether appellant has knowingly and intelligently waived his right to counsel; and

   ii. determine whether any decision by appellant to proceed *pro se* is in the best interest of appellant, the State, and the administration of justice; or

   iii. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 38.6(a); *Whitehead*, 130 S.W.3d at 879; *Jones*, 98 S.W.3d at 703; *Goffney*, 843 S.W.2d at 584–85; *Hawkins*, 613 S.W.2d at 722–23; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court no later than **30 days** from the date of this order. The court reporter is directed to file the reporter's record of the hearing no later than **30 days** from the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than **30 days** from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
☑ Acting individually    ☐ Acting for the Court

Date: July 19, 2016

3