# NO. 12-19-00404-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DAVID EUGENE FORD,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

David Eugene Ford, acting pro se, filed this original proceeding to request findings that (1) Respondent, Smith County District Clerk Penny Clarkston, failed to comply with the code of criminal procedure and the rules of appellate procedure and violated his due process rights, and (2) he brought litigation in good faith.[1] He further requests that this Court order Respondent to provide him a copy of the State's initial answer in opposition to his application for writ of habeas corpus, as well as any other documents filed by the State or signed by the trial court.

This Court's mandamus authority is limited to (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Texas Code of Criminal Procedure Chapter 52 in the court of appeals district; (3) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge; or (4) a situation in which a writ of mandamus is necessary to protect the Court's jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). The district clerk is not a judge, and Relator does not assert that a writ of mandamus directed to the district clerk is necessary to protect this Court's jurisdiction. Consequently, we do not have jurisdiction to consider the merits of Relator's mandamus petition. *See **In re Eaton***, No. 12–15–00118–CR, 2016 WL 6876502, at *1 (Tex. App.–Tyler, Nov. 22, 2016, orig. proceeding) (mem. op., not

---

[1] The State of Texas is the Real Party in Interest.

designated for publication). For this reason, the petition for writ of mandamus is ***dismissed for want of jurisdiction***.[2]

Opinion delivered December 11, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] We also note that Relator indicates that he is represented by counsel. A criminal defendant is not entitled to hybrid representation. ***Robinson v. State***, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Relator must look to appointed counsel for representation in this original proceeding. *See **In re Watson***, No. 07–08–00232–CV, 2008 WL 2583003, at *1 (Tex. App.—Amarillo June 30, 2008, orig. proceeding) (op.). The absence of a right to hybrid representation means Relator's pro se petition for writ of mandamus presents nothing for this court to review. *See **Patrick v. State***, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 11, 2019**

**NO. 12-19-00404-CR**

**DAVID EUGENE FORD,**
Relator
V.

**PENNY CLARKSTON,**
Respondent

___

## ORIGINAL PROCEEDING

___

ON THIS DAY came to be heard the petition for writ of mandamus filed by David Eugene Ford; who is the relator in appellate cause number 12-19-00404-CR and the defendant in trial court cause number 114-1281-12, pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on December 4, 2019, and the same having been duly considered, because it is the opinion of this Court that it lacks jurisdiction, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*