**Opinion issued December 3, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00793-CR

————————————

## IN RE STEPHEN CHRISTOPHER SCOTT, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Stephen Christopher Scott, has filed a pro se petition for writ of mandamus, seeking to compel the trial court to perform its ministerial function to hold a hearing and/or rule on relator's pro se motion for a speedy trial.[1]

We dismiss relator's petition for lack of jurisdiction.

---

[1]     The underlying case is *The State of Texas v. Stephen Christopher Scott*, Cause No. 1662162, in the 339th District Court of Harris County, Texas, the Honorable Jesse McClure, III presiding.

Relator has filed his petition for writ of mandamus pro se. However, a review of the record establishes that in the underlying case the trial court has entered an "Order Appointing Counsel," stating that relator is indigent and providing him with court-appointed counsel.

Criminal defendants are not entitled to hybrid representation in the same case and a "trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). As such, "a trial court's decision not to rule on a pro se motion" is not subject to review. *Id.* Similarly, relator is not entitled to hybrid representation before this Court, and relator's pro se petition for writ of mandamus presents nothing for this Court to review. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (because appellant was represented by counsel and was not entitled to hybrid representation, appellant's pro se supplemental brief presented nothing for review); *Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (overruling pro se motion for leave to file mandamus petition because relator was represented by appointed trial counsel and not entitled to hybrid representation).

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.[2] All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Adams.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Even if this Court had jurisdiction to consider relator's petition for writ of mandamus, we would not grant the relief requested by relator because the record does not include any evidence that relator's motion for speedy trial was actually filed or otherwise presented or brought to the attention of the trial court for its consideration. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo, orig. proceeding) ("Indeed, one can hardly be faulted for doing nothing if he were never aware of the need to act.").