

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-21-00187-CR
_____

IN RE LONNIE KADE WELSH, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

October 19, 2021

MEMORANDUM OPINION

Before QUINN, C.J., PARKER and DOSS, JJ.

Relator Lonnie Kade Welsh has filed his pro se petition for writ of mandamus asking this court to direct Respondent the Honorable Felix Klein sitting as presiding judge of the 154th District Court of Lamb County to rule on Welsh's petition for pretrial writ of habeas corpus filed on July 26, 2021, in a pending criminal matter. We deny his petition.

*Background*

Welsh was charged with assault upon a contractor performing a service in a civil commitment facility. In the trial court, he filed a pro se petition for pretrial writ of habeas corpus, challenging, among other things, the constitutionality of the penal code provision under which he was charged. Welsh provided this court a copy of his pro se petition for

writ of habeas corpus. Welsh represents in his petition for writ of mandamus pending here that he has undertaken efforts to comply with the presentment of his petition for writ of habeas corpus and has tried to alert Respondent directly of Welsh's desire for a hearing and ruling on that petition. We have noted a copy of Welsh's "Notice to the Court of Pending Motions and Request of Hearing."

Welsh explains that he also sought permission from the trial court to represent himself in trial on the assault charges. Per his representations to this Court, a hearing was held on that matter, but we have nothing demonstrating the trial court's ruling.

Since the time of his filing the petition for writ of mandamus, the trial court held a competency hearing and ostensibly found Welsh to be competent to proceed to trial. From what the office of the Clerk of this Court has garnered, there has not been a trial date set as of yet.

*Applicable Law*

When, as here, a relator seeks to compel the performance of a ministerial act, a relator must also show (1) a legal duty to perform a nondiscretionary act; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979); *In re Gilbreath*, No. 07-20-00244-CV, 2021 Tex. App. LEXIS 979, at *10 (Tex. App.—Amarillo Feb. 8, 2021, orig. proceeding) (mem. op.). Regarding the first element, the relator must show that the act to be compelled is ministerial as opposed to discretionary. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). We address this element first.

Although a trial court may certainly permit hybrid representation in its discretion, there is no absolute right to hybrid representation. *See Scarbrough v. State*, 777 S.W.2d

2

83, 92 (Tex. Crim. App. 1989) (en banc). Because there is no absolute right to hybrid representation, a trial court's ruling on such representation is not a ministerial act; it is a discretionary one. *See In re Lawson*, No. 14-10-01060-CR, 2010 Tex. App. LEXIS 9155, at \*1 (Tex. App.—Houston [14th Dist.] Nov. 18, 2010, orig. proceeding) (per curiam) (mem. op.).

If relator is represented by counsel, the trial court is free to disregard appellant's pro se filings. *In re Hall*, No. 05-21-00641-CV, 2021 Tex. App. LEXIS 7798, at \*3 (Tex. App.—Dallas Sept. 22, 2021, orig. proceeding) (mem. op.) (citing *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007)). In other words, the trial court does not have a ministerial duty to rule upon appellant's writ application. *See id.*; *see also In re Tarkington*, No. 03-21-00194-CV, 2021 Tex. App. LEXIS 3405, at \*1 (Tex. App.—Austin May 4, 2021) (mem. op.) (also relying on *Robinson* to conclude, when faced with a petition for writ of mandamus seeking to compel the trial court to rule on pro se motions, that "Relator is not entitled to mandamus relief because the trial court has not violated any ministerial duty by failing to rule on those pro se motions"); *In re Bledsoe*, No. 06-14-00113-CR, 2014 Tex. App. LEXIS 7878, at \*1–2 (Tex. App.—Texarkana July 23, 2014, orig. proceeding) (mem. op.) (after having been advised by the district clerk that relator was represented by appointed counsel, denying similar mandamus relief because relator had no right to hybrid representation).

*Discussion*

This Court has been informed that Welsh has appointed counsel. And, though Welsh requested leave from the trial court to represent himself, nothing in the record reflects that such leave was granted. Without such information, we cannot assess if the

trial court had any obligation to act upon the pro se habeas application of Welsh. Again, it need not act upon pro se motions when the movant has legal counsel.

It is incumbent upon Welsh, as relator, to provide this Court with all documentation to show him entitled to the extraordinary relief of mandamus. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). In view of that obligation, Welsh has not provided a record sufficient to permit accurate consideration of his request or to illustrate his entitlement of mandamus relief.

The petition for writ of mandamus is denied. All pending motions are denied as moot.

Per Curiam

Do not publish.