

# NUMBER 13-21-00373-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TOMAS FIEROVA,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## On appeal from the 347th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Hinojosa**

Appellant Tomas Fierova appeals the trial court's judgment revoking his community supervision, adjudicating him guilty of attempted aggravated sexual assault of a minor, a second-degree felony, and sentencing him to twenty years' confinement in

the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ). *See*
Tex. Penal Code Ann. §§ 12.33, 15.01, 22.021(a)(2)(B). By a single issue, appellant
argues that the "[twenty] year sentence, in light of mitigating evidence and [a]ppellant's
age at the time of the offense, was cruel and unusual punishment." We affirm.

## I.    Background

On June 24, 2016, appellant was indicted for continuous sexual abuse of a child,
a first-degree felony. *See id.* § 21.02. On August 30, 2016, pursuant to a plea agreement,
appellant pleaded guilty to attempted aggravated sexual assault of a minor, a second-
degree felony. *See id.* §§ 15.01, 22.021. The trial court placed appellant on deferred
adjudication community supervision for a period of ten years. *See* Tex. Code Crim. Proc.
Ann. art. 42A.101. In September 2017 and June 2021, the State filed motions to revoke
appellant's community supervision, alleging he violated various conditions thereof. In both
instances, the trial court imposed sanctions and continued appellant on community
supervision.

On September 27, 2021, the State filed its third motion to revoke,[1] alleging that
appellant violated the terms of his community supervision by: (1) failing to report a change
of residence with his probation officer; (2) failing to pay various fines and fees; (3) failing
to report a change of residence with local law enforcement; (4–6) failing to attend a sex
offender treatment program on three separate dates; (7) failing to successfully complete
a sex offender treatment program; (8) living in a residence with a child younger than

---

[1] In its brief, the State notes that it filed a total of four motions to revoke. However, at the October 19, 2021 hearing on the State's motion to revoke community supervision from which this appeal stems, probation officer Kelly Alvarez testified that the motion to revoke was the third filed by the State. Indeed, in our review of the record, we find a total of three motions to revoke.

seventeen years old; and (9) having contact with a minor child without the court's permission and without a chaperone.

The trial court heard the State's motion to revoke on October 19, 2021. The State announced that it abandoned two of the allegations that appellant failed to attend a sex offender treatment program because appellant was in custody during those dates. Appellant pleaded "not true" to the two allegations that he lived and had contact with a minor child and "true" to the remaining allegations in the State's motion. As evidence of appellant's contact with a child, the State elicited testimony that during a home inspection at appellant's listed address, a probation officer found children's clothing and belongings and "a child inside a playpen who appeared to be about one year old."

The State asked the court to revoke appellant's community supervision and impose the maximum twenty-year sentence. Appellant argued that he does not deserve a maximum sentence because, among other things, he has not "run from anything," he accepted responsibility and is remorseful for his actions, and the only new offense that he was accused of committing during probation was public intoxication.[2] The State reiterated in its closing argument that: the underlying offense in this case is attempted aggravated sexual assault of a minor stemming from appellant's sexual abuse of his cousin over a six-year period[3]; appellant violated the terms of his community supervision twice before and was twice continued on community supervision; and appellant was

---

[2] Appellant's public intoxication offense was one of the allegations listed in the State's second motion to revoke his community supervision.

[3] Appellant's cousin testified that appellant sexually abused her when she was between the ages of five and eleven. Appellant is eight years older than his cousin.

3

aware of the trial court's "zero tolerance" policy imposed in response to the State's second motion to revoke and still violated the conditions of his probation.

The trial court found all of the remaining allegations in the State's motion true, revoked appellant's community supervision, and sentenced him to twenty-years' confinement in TDCJ. *See* TEX. PENAL CODE ANN. §§ 12.33, 15.01, 22.021(a)(2)(B). On November 17, 2021, appellant filed a pro se motion for new trial, arguing that: (1) the trial "court abuse[d] its discretion by overruling [appellant's] objection to inadmissible hearsay and testimony"; and (2) his trial counsel was ineffective. No order granting or denying appellant's motion for new trial appears in the record.[4] This appeal followed.

## II.  ANALYSIS

By his sole issue, appellant contends that, "in light of mitigating evidence and [a]ppellant's age at the time of the offense," the twenty-year sentence imposed on him by the trial court is disproportionate to the crime committed. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment, including sentences that are disproportionate to the crime committed. *See* U.S. CONST. amend. VIII; *Solem v. Helm*, 463 U.S. 277, 284 (1983); *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (applying an Eighth Amendment disproportionality claim to state-law convictions). A successful challenge to proportionality is exceedingly rare and requires the sentence be "grossly disproportionate" to the crime. *Simpson*, 488 S.W.3d at 322–23

---

[4] In any event, appellant was represented by counsel when he filed his pro se motion for new trial. *See Melendez v. State*, 467 S.W.3d 586, 591 (Tex. App.—San Antonio 2015, no pet.) ("[B]ecause a defendant has no right to hybrid representation, a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel." (citing *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007))).

(citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). Generally, if a sentence is assessed within the legislatively determined range, it will not be found unconstitutional. *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (noting that "the sentencer's discretion to impose any punishment within the prescribed range [is] essentially 'unfettered'"). The punishment range for a second-degree felony is "imprisonment . . . for any term of not more than [twenty] years or less than [two] years." TEX. PENAL CODE ANN. § 12.33.

To preserve a complaint that a sentence is disproportionate to the offense committed, a defendant must "present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling." *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd); *see* TEX. R. APP. P. 33.1(a); *see also Collins v. State*, No. 13-20-00144-CR, 2022 WL 400825, at *7 (Tex. App.—Corpus Christi–Edinburg Feb. 10, 2022, pet. ref'd) (mem. op., not designated for publication) (concluding appellant's grossly disproportionate claim was not preserved for appellate review where appellant failed to raise the issue of disproportionate sentencing in his motion for new trial). "Even constitutional claims can be waived by failure to object." *Trevino*, 174 S.W.3d at 927 (citing *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986)).

Appellant did not object to his sentence when it was imposed on any grounds, nor did he argue that his sentence was disproportionate in his motion for new trial. *See id.*; *see also Collins*, 2022 WL 400825, at *7. Accordingly, appellant failed to preserve his disproportionate sentence argument for appeal. *See* TEX. R. APP. P. 33.1(a); *Trevino*, 174

5

S.W.3d at 927. We overrule appellant's sole issue.

### III.   CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
11th day of August, 2022.