

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00323-CR

**DANNY WAYNE ALCOSER,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2016-1261-C1

## MEMORANDUM OPINION

Danny Wayne Alcoser appealed his convictions on three counts related to a domestic violence incident to this Court in 2018. The appeal was transferred to the Seventh Court of Appeals in Amarillo by a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE § 73.001. In his direct appeal, all three counts were reversed by the Seventh Court, and the Court of Criminal Appeals granted review and reversed on an issue that impacted only Count 1. *See Alcoser v. State*, 596 S.W.3d 320 (Tex. App.—Amarillo 2019), *rev'd*, No. PD-0166-20, 2022 Tex. Crim. App. LEXIS 186 (Tex. Crim.

App. 2022) (publish). On remand, the Seventh Court affirmed Alcoser's conviction on Count 1 and remanded Counts 2 and 3 to the trial court. *See Alcoser v. State*, No. 07-18-00032-CR, 2022 Tex. App. LEXIS 5722 (Tex. App.—Amarillo Aug. 9, 2022, no pet. h.)

At some point after the Seventh Court's initial opinion, but before the Court of Criminal Appeals' opinion, Alcoser, acting pro se, filed an amended motion for new trial alleging many instances of ineffective assistance of counsel. Following remand from the Court of Criminal Appeals and before the Seventh Court issued its decision on remand, Alcoser also filed a pro se Motion to Withdraw Appellate Counsel and to Self-Represent. The Seventh Court abated the case to the trial court to have a hearing regarding the appointment of counsel and the dangers and disadvantages of self-representation. During the abatement period, Alcoser decided to hire counsel and that counsel was allowed to substitute in as Alcoser's attorney of record. After the substitution of counsel, and still during the abatement, a hearing was held and the trial court denied Alcoser's motion for new trial on July 13, 2022.

When the case was reinstated, the Seventh Court addressed the procedural anomalies of Alcoser's efforts to claim his prior counsel was ineffective and dealt with the issue in its opinion, issued August 9, 2022.

Alcoser has now filed a pro se notice of appeal from the trial court's denial of his motion for new trial. The Seventh Court fully dealt with that issue in its August 9, 2022 opinion, and relief, if any, from that opinion would be by a motion for rehearing filed with the Seventh Court or a petition for discretionary review filed with the Court of Criminal Appeals, *see* TEX. R. APP. P. 49.1, 68.2, not by starting over with a new notice of

appeal filed, belatedly, with the trial court clerk regarding the trial court's ruling on the motion for new trial. *See id.* 26.2. Alcoser identifies no basis for the jurisdiction of this, or any other, Court, to consider a new and independent appeal of the denial of his amended motion for new trial.[1]

Accordingly, this appeal is dismissed for want of jurisdiction.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Appeal dismissed
Opinion delivered and filed November 30, 2022
Do not publish
[CR25]



---

[1] We also note that if an independent appeal were authorized from that order, a new and independent certification of the right to appeal would have to be filed. *See* TEX. R. APP. P. 25.2(a)(2). Alcoser relies on a certificate that relates only to his prior direct appeal. Finally, we note that Alcoser is represented by retained counsel and that the filing of the notice of appeal in the trial court proceeding appears to be a violation of the prohibition of hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).