**Opinion issued March 14, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-24-00148-CR**

**NO. 01-24-00149-CR**

———————————

**IN RE ANDREW PETE, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### MEMORANDUM OPINION

Relator, Andrew Pete, incarcerated and acting pro se, has filed a petition for writ of mandamus, purportedly seeking to compel the Harris County District Attorney to "file criminal charges of aggravated perjury against" a witness who testified at his underlying trial.[1]

---

[1] The underlying cases are *The State of Texas v. Andrew Pete*, Cause Nos. 1751814, 1751815, in the 179th District Court of Harris County, Texas, the Honorable Ana

We deny the petition for writ of mandamus.

In his mandamus petition, relator states that he seeks for this Court to issue "a writ of mandamus against [the] Harris County District Attorney and her assistants" to direct them "to uphold their sacred oath[s] to seek justice" and "file criminal charges of aggravated perjury against" a witness who testified at appellant's underlying trial. But this Court lacks authority to issue a writ of mandamus against a district attorney or an assistant district attorney. *See In re Cole*, No. 01-20-00807-CR, 2021 WL 243894, at *2 (Tex. App.—Houston [1st Dist.] Jan. 26, 2021, orig. proceeding) (mem. op., not designated for publication); *Garner v. Gately*, 909 S.W.2d 61, 62 (Tex. App.—Waco 1995, orig. proceeding). This Court only has jurisdiction to issue a writ of mandamus against "a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b); *see also In re Cole*, 2021 WL 243984, at *2; *In re Ray*, Nos. 01-20-00786-CR to 01-20-00788-CR, 2020 WL 7349100, at *1 (Tex. App.—Houston [1st Dist.] Dec. 15, 2020, orig. proceeding) (mem. op., not designated for publication).

---

Martinez presiding. On September 15, 2022, relator was convicted of the felony offense of aggravated sexual assault of a child in each underlying case, and his punishment was assessed at confinement for life in each case, to run currently. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B), (e). Appellant filed notices of appeal from the trial court's judgments of conviction, and his direct appeals are currently pending in this Court in appellate cause numbers 01-22-00674-CR and 01-22-00675-CR.

Further, to the extent that relator, in his petition for writ of mandamus, complains that the trial court failed to rule on an "Amended Motion for Harris County District Attorney Office to Prosecute for Aggravated Perjury in the Above Cause and Case Nos.," relator has not established that the motion was filed in the trial court. This Court cannot order the trial court to rule on a motion when the relator has not established that the motion was ever filed in the trial court or brought to the trial court's attention.[2] *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (to obtain mandamus relief, relator must show trial court had legal duty to perform non-discretionary act, relator made demand for performance, and trial court refused); *In re Cole*, 2021 WL 243894, at *1 (relator not entitled to mandamus relief where there was no indication complained-about motion was filed in trial court or brought to trial court's attention).

---

[2] We further note that although relator has filed his petition for writ of mandamus pro se, he is currently represented by appointed counsel in his direct appeals from the underlying cases. Criminal defendants are not entitled to hybrid representation in the same case, and a "trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (emphasis omitted). As such, the "trial court's decision not to rule on a[ny] pro se motion[s]" filed by relator would not be "subject to review." *Id.* (emphasis omitted.) Similarly, a relator is not entitled to hybrid representation before this Court, and as such, a relator's pro se petition for writ of mandamus presents nothing for this Court to review. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (because appellant was represented by counsel and was not entitled to hybrid representation, appellant's pro se supplemental brief presented nothing for review); *Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (overruling pro se motion for leave to file mandamus petition because relator was represented by appointed trial counsel and not entitled to hybrid representation).

Accordingly, we deny relator's petition for writ of mandamus. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.

Do not publish. Tex. R. App. P. 47.2(b).