**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00145-CR**
_____

**IN RE LEO WAYNE COVER**

**Original Proceeding**
**Criminal District Court of Jefferson County, Texas**
**Trial Cause Nos. 23DCCR2231 and 23DCCR2232**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Leo Wayne Cover seeks an order compelling the trial court to rule on pro se motions that Cover filed in two criminal cases.[1] For the reasons explained herein, we deny mandamus relief without prejudice to filing a new mandamus petition.

---

[1] Cover failed to include information required by Rule 52.3 and he failed to certify that he served a copy of the petition and mandamus record on the Respondent and the counsel of record for the Real Party in Interest in Trial Cause Numbers 23DCCR2231 and 23DCCR2232. *See* Tex. R. App. P. 9.5; 52.3. We use Rule 2, however, to look beyond these and additional deficiencies to reach an expeditious result. *See id.* 2.

Criminal defendants are generally not entitled to hybrid representation and a "trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Cover's mandamus appendix includes a printed list of documents that have been filed in Trial Cause Numbers 23DCCR2231 and 23DCCR2232. It appears his court appointed attorney filed a motion to withdraw on March 31, 2025. Cover mentions that he appeared in court for a hearing on the attorney's motion to withdraw, but Cover fails to state whether the trial court granted or denied the motion to withdraw on March 31, 2025, or on a later date. If the trial court granted his trial attorney's motion to withdraw, Cover does not say whether the trial court appointed a new attorney or Cover waived his right to an attorney in writing and proceeded pro se. Cover states, "Cover is an indigent pro se defendant. Judge Stevens has issued an order reflecting such." That order is not included in the appendix to the mandamus petition. Cover also fails to describe what efforts he took to obtain rulings on his motions. Further, he did not file a record that contains the documents that would support his assertion that the trial court ignored properly filed motions.

As the party seeking mandamus relief, Cover has the burden of providing a certified or sworn copy of every document that is material to his claim. *See* Tex. R. App. P. 52.7(a). On this record, Cover failed to establish that the trial court abused

its discretion. Accordingly, we deny the petition for a writ of mandamus without prejudice.

PETITION DENIED.

PER CURIAM

Submitted on May 20, 2025
Opinion Delivered May 21, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.