**Opinion filed March 5, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-26-00024-CR
_____

## IN RE TONY CHAVEZ

### Original Proceeding

### M E M O R A N D U M   O P I N I O N

Relator, Tony Chavez, filed this original proceeding pro se, seeking a bond reduction in this court for his pending criminal cases. We dismiss this original proceeding for want of jurisdiction.

Chavez filed a "Motion for Habeas Corpus Bond Reduction Under Art. 17.151, 11.24 Texas Code of Criminal Procedure," which we construe as his attempt to invoke the original jurisdiction of this court. Chavez requests "this Court for Bond Reductions on his six (6) cases he currently faces in the Ector Co. Courthouse" and requests that we "Grant[] his BOND REDUCTION[]S and/o[r] P.R. BOND[]S in the [a]bove [s]tyled [c]ase [n]umbers." In this regard, he lists three pending felonies, indicted in two different Ector County district courts, and one

pending misdemeanor in the Ector County Court at Law No. 2. He includes two blank lines for case numbers, charges, and bond amounts for the remaining two "cases." Chavez also has court-appointed counsel. In the filing, he states that he "was denied bond reductions [in the trial court] on January 8[], 2026." He also states that "[t]he State has not announced it was ready for trial within the 90 days as required under Art. 17.151 . . . [a]llowing for [personal recognizance] Bonds or Reduced Bail Amounts." *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West Supp. 2025) (trial court must release a defendant on a personal recognizance bond or reduce a defendant's bail amount to an amount he can make if the State is not ready for trial within ninety days of the defendant's detention for a felony offense). Chavez has provided no supporting documentation.

When this appeal was docketed, the clerk of this court informed the parties that we do not have original habeas jurisdiction in a criminal case. Chavez was also notified that there is no right to hybrid representation. Chavez's counsel was directed to respond and show grounds to continue this proceeding, if any, and the parties were informed that the proceeding was subject to dismissal. Neither Chavez nor his counsel filed a response.

As a court of appeals, we do not have original habeas jurisdiction in criminal cases. CRIM. PROC. art. 11.05 (original habeas jurisdiction is limited to county courts, district courts, and the Court of Criminal Appeals); *In re Proctor*, No. 11-20-00075-CR, 2020 WL 1181934, at *1 (Tex. App.—Eastland Mar. 12, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication); *see also* TEX. GOV'T CODE ANN. § 22.221(d) (West Supp. 2025) (limiting original habeas jurisdiction to civil cases). Therefore, we do not have original habeas jurisdiction to address Relator's "Motion for Habeas Corpus." Even if we did, Chavez is represented by counsel and criminal defendants have no right to hybrid representation. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *In*

2

*re Scott*, No. 01-20-00793-CR, 2020 WL 7062319, at \*1 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication) (relator-defendant was not entitled to hybrid representation before an appellate court). Chavez's counsel has not responded with grounds to continue this proceeding or to clarify any relief sought by him that would invoke our jurisdiction.

Accordingly, we dismiss this original proceeding for want of jurisdiction.


W. STACY TROTTER
JUSTICE


March 5, 2026

Do not publish. *See* TEX. R. App. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.