# Court of Appeals
## Tenth Appellate District of Texas

10-26-00131-CR

In re William Penn Dixon

Original Proceeding

JUSTICE SMITH delivered the opinion of the Court.

**MEMORANDUM OPINION**

William Penn Dixon, proceeding pro se, filed a document entitled "Petition for Writ of Habeas Corpus" with this Court. He claims that the Brazos County District Clerk has refused to file his pro se petition for writ of habeas corpus and that the trial court has refused to hold a hearing on the petition, in which Dixon claims that the trial court should dismiss his pending criminal charges based on an illegal search. He asks that we "order the trial court to respond to the writ" and "send findings of facts [sic]," and further requests that we suppress the evidence and dismiss the charges.

Intermediate appellate courts do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d). Jurisdiction to grant a writ of habeas corpus in a criminal case vests with the

Court of Criminal Appeals, the district courts, the county courts, or any judge in those courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *Ex parte Braswell*, 630 S.W.3d 600, 601-02 (Tex. App.—Waco 2021, orig. proceeding).[1]

Accordingly, we dismiss Dixon's petition for writ of habeas corpus for want of jurisdiction.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED: April 23, 2026

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Dismissed
Do not publish
OT06



---

[1] We note that Dixon also indicated in his petition that he is represented by court-appointed trial counsel and that appointed counsel refused to file a motion to suppress on his behalf. Though Dixon questions his appointed counsel's qualifications, a defendant represented by counsel is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).